573 A.2d 608

**Rebecca Ann VAN DYKE, Appellant,**

v.

**Richard James VAN DYKE, Appellee.**

Superior Court of Pennsylvania.

Argued Jan. 10, 1990.

Filed April 20, 1990.

Theodore B. Ely, II, Erie, for appellant.

Before McEWEN, BECK and HUDOCK, JJ.

HUDOCK, Judge:

This is an appeal from an order which modified the amount of payments to be made by Appellee, Richard

James Van Dyke (hereinafter "Father"), to his spouse, Appellant Rebecca Ann Van Dyke (hereinafter "Mother") for the support of their four children. We reverse.

Mr. and Mrs. Van Dyke were parties to an agreement for order of support. Prior to separation Mr. Van Dyke claimed all four of his children as tax exemptions. The marital settlement agreement subsequently entered into between these two parties incorporated the support order and provided that the "wife shall have all of the children as exemptions for Federal, State, and local income tax purposes with the exception that husband shall for the taxable year 1988 receive one of the children for an exemption." "Separation Agreement", VI,i. This agreement was incorporated into the divorce decree which followed.

Father, who then experienced a slight increase in income as a result of a wage increase, also experienced a decrease in net income as a sole result of this tax arrangement. He therefore filed a petition to modify the support order, claiming a change in circumstances and an inability to pay the then current amount of support. A *de novo* support hearing followed a conference, and the order which resulted, now on appeal, reduced father's support obligation from $758.33 to $660.00 per month.

Mother contends that Father should not be allowed to reduce support payments due to a circumstance which was known to him at the time that the marital settlement agreement was entered into. She further maintains that he has failed to prove a change of circumstances which would be sufficient to allow modification.

Father responds that " ... the settlement agreement was signed in July. In all fairness, [he] could not reasonably be held to [have] know[n] the impact of the loss of deductions until the end of the calendar year." Appellee's Brief, p. 10. He argues that a substantial change in circumstances resulted, and that it was within the court's proper exercise of discretion to modify his support obligations accordingly.

Moreover, mother and father disagree over whether modification of a support order, as contrasted with the modification of a support obligation pursuant to a contract, is sought. Mother urges us to find that the amount of support can not be modified because of the existence of the marriage settlement agreement. This agreement is merely "incorporated" and not "merged" into the divorce decree. As such, she cites authority to the effect that the trial court should not reduce its terms. Father, on the other hand, argues that he seeks reduction of a modifiable support order, not a "separate, unique support contract."

■ The record indicates that father is correct insofar as he claims that the modification of a preexisting order, and not a support agreement, is sought. "[A] court order ... is always modifiable, upwards or downwards, as the circumstances may require." *Knorr v. Knorr*, 380 Pa.Super. 11, 17, 550 A.2d 1338, 1341 (1988).[1] When questioned on appeal, the modification of support is reviewed to determine only if the court below clearly abused its discretion. *Commonwealth ex rel. Caswell v. Caswell*, 280 Pa.Super. 359, 421 A.2d 762 (1980). "A finding of abuse is not lightly made but only upon a showing of clear and convincing evidence." *Id.*

■ The question presented on appeal, as such, is whether the court below clearly abused its discretion by finding a change of circumstances which warranted the reduction of child support in a case where the father agreed to forfeit certain tax deductions in a settlement agreement but later claimed that the consequences of this agreement, allegedly unforeseen by him at the time of its making, constituted a change in circumstances which rendered him unable to pay

---

1. Trial courts may also modify child support obligations where the parties have contractually agreed to the amount of support. The relevant statute, 23 P.S. § 401.1(b), provides: "A provision of an agreement regarding child support, visitation or custody shall be subject to modification by the court upon a showing of changed circumstances."

We also note that in the case at bar the parties specifically agreed between themselves to allow for modification in the event of changed circumstances.

the agreed-to amount of support, and which justified a court-ordered modification of said amount. We hold that by finding a change of circumstances which warranted modification the court below clearly abused its discretion.

The trial court in its opinion relies on *Eppolito v. Eppolito*, 245 Pa.Super. 93, 369 A.2d 309 (1976), to observe that "the effect of income taxes upon the parties is a proper matter for consideration in determining the amount of a support order." Trial Court Opinion, pp. 3–4. While *Eppolito* does state this broad proposition, it does not, however, hold that the effect of income taxes constitutes a change in circumstances which justifies reduction of support where the parties have contractually agreed to their income tax arrangement. No such holding has been drawn to our attention. Moreover, *Eppolito*, did not involve an independent separation agreement; rather, the court merely clarified tax consequences between the parties by allocating the amount of support that husband paid to wife between wife and daughter, without modifying the actual amount itself.

We are of the opinion that no change of circumstances can be claimed where a party agrees to a provision governing tax deductions in a settlement contract, and only later realizes that its terms may be unfavorable, or may render his financial situation more difficult than originally anticipated. Although the sting of its ramifications may be felt long after its creation, the agreement entered into remains unchanged, as does the set of circumstances which it produced. The only change which can be claimed in this situation is the change of heart which has occurred in the complaining party, and not one in the financial circumstances which he participated in creating, which remain the same, and which do not provide a base upon which to justify the judicial reduction of his child support obligation.

Accordingly, we reverse the order and remand for reinstatement of the Order of Support dated February 12, 1988.