603 A.2d 633

Mary Louise Ryder FITZPATRICK, Appellant,

v.

Warren Arthur FITZPATRICK.

Mary Louise Ryder FITZPATRICK

v.

Warren Arthur FITZPATRICK, Appellant.

Superior Court of Pennsylvania.

Argued Nov. 21, 1991.

Filed Feb. 24, 1992.

Diane D. Welsh, Norristown, for appellant (at 3005) and appellee (at 1486).

Kevin C. McCullough, Philadelphia, for appellant (at 1486) and appellee (at 3005).

Before CAVANAUGH, POPOVICH and HOFFMAN, JJ.

HOFFMAN, Judge:

These consolidated appeals are from orders entered October 12, 1990 and April 12, 1991, in the Court of Common Pleas of Montgomery County. The first order granted defendant's petition to modify an order of support, and the second order limited the retroactive effect of the first. In the appeal docketed at No. 3005 Philadelphia 1990, Mary Louise Ryder Fitzpatrick (hereinafter "Mother"), the plaintiff in this support proceeding, raises the following issues:

(1) Whether the trial court erred in eliminating Father's private school tuition obligation, where such issue was not raised by Father's pleadings and in permitting evidence of the cost of such private school, but in precluding evidence that other decreases in Father's expenses sufficiently offset the increased tuition?

(2) Whether the trial court erred in impermissibly modifying the tuition with respect to the children where such expenses were previously held to be a reasonable need of the children?

(3) Whether the trial court erred in issuing an Order which specifically found no change in either parties [sic] income or in the children's need since the prior Order, but by eliminating school tuition obligations, caused an $11,-000 reduction in support?

(4) Whether the trial court erred in Reducing Father's unreimbursed medical and dental obligations from 100% to ⅔, absent a substantial change in circumstances from the prior Order and when such issue was not raised in Father's pleadings or presented at the hearing?

(5) Whether the trial court erred in permitting a pleading amendment during the hearing to include a claim of increased tuition for one child as a basis for support reduction?

Appellant's Brief 3.

In the appeal docketed at No. 1486 Philadelphia 1991, Warren Arthur Fitzpatrick (hereinafter "Father"), the defendant, contends that the trial court erred when, in its supplemental order of April 12, 1991, it limited the retroactive effect of its October 12, 1990 support order. For the reasons that follow, we vacate the order of support dated October 12, 1990, and remand both orders for proceedings consistent with this opinion.

The parties were married on December 29, 1974, and three children were born of the marriage. Father resides in Rhode Island, which was the situs of the marital home for many years. In August, 1987, Mother moved with the children to Audobon, Pennsylvania. Mother commenced a

support action on May 2, 1988. Based upon a finding of Mother's earning capacity of $185.00 net per week and Father's income of $1800.00 net per week, an Order of Support was entered after a master's hearing held on October 14, 1988, requiring Husband to pay $300 per week in alimony *pendente lite,* $350 per week in child support plus private school tuition and 100% of unreimbursed medical and dental expenses for the parties' three minor children. Neither party filed exceptions or appealed this order. However, less than three months later, on January 4, 1989, Father filed a petition to modify the support order in which he alleged that (1) his income had decreased due to his inability to find a tenant for a jointly owned rental property for which he was paying the mortgage; (2) Mother's father now permanently resided with her, making financial contributions and, thereby increasing her income; and (3) Father's commuting expenses for visitation increased. On April 7, 1989, after a hearing, the master recommended denial of Father's petition. Father filed timely exceptions to the recommendation and requested a *de novo* hearing which was granted. The Honorable Albert R. Subers then issued an order which eliminated Father's obligation to pay for the private school and reduced his obligation for unreimbursed medical expenses of the children from 100% to ⅔. In addition, the court ordered Father to pay $284 per week in alimony and $386 per week child support for the three children and $15 per week on any arrearage. The court based its conclusion on (1) the increase in Father's visitation expenses in coming from Rhode Island twice a month, although the court noted that these increases were not substantial; (2) Mother's unilateral enrollment of the eldest son in Malvern School; and (3) the decrease in Father's rental income due to his inability to obtain a tenant in Rhode Island. Opinion, Subers J., March 13, 1991, at 3–4.

### A.

We recognize that our scope of review in the present matter is limited. We will not disturb a modification of a

child support order absent a clear abuse of discretion. *Van Dyke v. Van Dyke,* 392 Pa.Super. 567, 569, 573 A.2d 608, 609 (1990). " 'An abuse of discretion is not 'merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.' ' " *Coffey v. Coffey,* 394 Pa.Super. 194, 196–97, 575 A.2d 587, 588 (1990) (citations omitted); *see also Fee v. Fee,* 344 Pa.Super. 276, 279, 496 A.2d 793, 794 (1985).

 When determining whether to allow a reduction in a support order, the trial court must consider all pertinent facts and base its decision upon facts included in the record. *Koller v. Koller,* 333 Pa.Super. 54, 57, 481 A.2d 1218, 1220. A court may only modify an existing support award when a material and substantial change in circumstances has occurred since the entry of the original support order. The petitioner has the burden of proving such change in circumstances. *Id.* (citing *Com. ex rel. Vona v. Stickley,* 287 Pa.Super. 296, 430 A.2d 293 (1981)); *Com. ex rel. Scanlon v. Scanlon,* 311 Pa.Super. 32, 39, 457 A.2d 98, 102 (1983).

The support hearing and order below were governed by Pennsylvania Rules of Civil Procedure 1910.16–1 to 1910.-19–5, which became effective September 30, 1989. These statutory guidelines assign a percentage of income as the basis of the award. The guidelines require articulation of each party's net income to determine fairly apportioned levels of child support. The guidelines essentially operate as follows. The net income of both parents is determined and combined, and the resulting figure is then used to calculate a basic child support obligation. The final amount is then divided between the parents in proportion to their respective net incomes. The formula permits adjustment to the support obligation for extraordinary expenses and needs

of the children.[1] However, any deviation from the guidelines in excess of ten percent must be explained on the record. Pa.R.Civ.P. 1910.16–4. Moreover, the statutory child support guidelines must be considered and computed on the record. *Blaisure v. Blaisure,* 395 Pa.Super. 473, 479, 577 A.2d 640, 643 (1990). *See also Shutter v. Reilly,* 372 Pa.Super. 251, 258, 539 A.2d 424, 426 (1988) (trial court abused its discretion in entering modification of support order based upon established change in circumstances without referring on the record to county support guidelines); *Palmatier v. MacCartney,* 365 Pa.Super. 300, 304, 529 A.2d 518, 520 (1987) (in modifying support order, trial court worked within county support guidelines, giving consideration to expenses of both parties).

■ Although the court purportedly arrived at the numbers by applying the requisite support guidelines, the trial court's opinion does not adequately disclose the basis for its determination. The court first stated that Mother's earning capacity remained at $185 per week and that Father's self-employment income remained at $1800 per week. The court then proceeded to find that Father's visitation expenses had slightly increased and that his rental income had decreased due to the inability to obtain a tenant in his office building in Rhode Island. Finally, the court stated in a conclusory manner that "[i]t is obvious from the facts and figures presented that it is impossible for the Defendant to pay the private school tuitions for the three children and the Court did not abuse its discretion to eliminate the requirement to do so." Opinion, Subers J., March 13, 1991, at 4. However, specific amounts of increased expenses and decreased rental revenue are not stated on the record. Furthermore, the court provides no reason for eliminating Father's obligation to pay the *entire* private school tuition when Father only complained of the increased portion resulting from the eldest child's enrollment in a new school. Moreover, the

1. The support grids, however, do not take into consideration expenditures for private school tuition for which adjustments to the support order may be made. Pa.R.Civ.P. 1910.16–5(k).

testimony at the hearing reveals a dispute as to the cost of the tuition for the three children, and we cannot discern which figures the trial court adopted in reaching its conclusion. Without all of the above information, we are unable to determine whether the new child support award is within the guidelines' amount, or whether deviations from the guidelines were contemplated.[2] Accordingly, we must vacate the order modifying the support order and remand to the trial court for proceedings consistent with this opinion.[3]

We must, however, address appellant's allegations of trial court error which are likely to recur at the proceedings below.

### B.

Mother contends that the issue of private school tuition was not properly before the trial court. She claims that Father failed to raise the issue of increased tuition in his pleadings, and as a result, the trial court improperly permitted evidence of the alleged increased cost of private school tuition. We disagree. In August of 1989, Father brought charges of contempt against Wife, alleging that she violated

2. The new order for alimony and child support totals $670 per month ($284 for alimony and $386 for child support) which is $20 higher than the previous order ($300 for alimony and $350 for child support). At the same time, compensation for unreimbursed medical expenses was reduced by one-third and private school tuition was terminated. The trial court provides absolutely no explanation of how these numbers were reached. On remand, the court is instructed to demonstrate why alimony was decreased, child support was increased, medical expenses were decreased, and tuition expenses were eliminated, and whether the latter two adjustments are reflected in the $36 adjustment to child support.

We recognize that the support grids do not take into consideration expenditures for private school tuition and that the support award may be adjusted in order for each parent to provide a reasonable share of the tuition if private school tuition is found to be a reasonable need of the child. Pa.R.Civ.P. 1910.16–5(k). However, the trial court's opinion does not explain why it eliminated what was previously found to be a reasonable need of the children.

3. Because of our resolution of Mother's appeal, the April 12, 1991, order no longer has any effect. Therefore, we need not address Father's contentions regarding retroactivity.

the October, 1988 order by unilaterally enrolling their eldest child in the Malvern School, a private school whose tuition greatly exceeded that of his former school.[4] During a contempt hearing held on August 15, 1989, the trial judge decided that Father would not be ordered to pay the Malvern School tuition, but that the obligation for the payment of private school tuition would be determined later at the support hearing. N.T., 8/5/89, at 105–07. Thus, the issue of increased tuition was specifically preserved.

As to the issue of Mother's father residing in her house and making financial contributions, our review of the record reveals the following. Her father lived in the house from approximately May of 1988 through June of 1989, during which he paid his daughter one hundred dollars per month which reflected an estimation of his expenses. Thus, it appears that he was living there at the time of the October, 1988 hearing on the original support order, but he was not living there at the time of the hearing on the petition to modify the support order. N.T. at 48–49, 55. As a result, these payments presumably were taken into account during the October, 1988 hearing and were not properly considered in the petition to modify.[5]

As to the issue of the decrease in Father's rental income, the record reveals the following. Father owns the building which houses his office and another space that he rents out. Between January and August of 1988, he received $4800 in

4. According to Mother's testimony, the cost of enrolling all three children at Fairview Christian Academy was approximately $5300 per year until Mother obtained employment at the school during part of the 1988–1989 school year. At that time, the tuition obligation was reduced by nearly one-half. The eldest child then became too old to attend that school and Mother enrolled him at Malvern at a cost of $6300. N.T. 10/13/89, at 36–38. The tuition for the two younger children at Fairview then totalled $4148. *Id.* at 40.

5. Even if they were not considered originally, it would have been improper for Judge Subers to consider them in the petition to modify. Any *error* in the original support order should have been addressed by filing exceptions and an appeal. As we noted earlier, this was not done. Instead, we are presented here with a petition to modify, and not an appeal from an original order. As such, only subsequent changes in the parties' positions may be considered.

rent from a tenant who subsequently moved. The space remained unoccupied until March 1989 at which time a new tenant moved in and was subsequently evicted. Father apparently incurred expenses resulting from this eviction. The property then remained vacant from July of 1989 until the time of the October 1989 hearing. N.T. 58–64. In other words, it appears from the record that at the time of the October, 1988, hearing the space also had been unrented since the preceding August. N.T. at 116. If the trial court on remand determines this to be an accurate representation of the facts, then it must, on remand, consider only the loss in revenue that has occurred after the initial support order.

Finally, the testimony about Father's traveling expenses revealed the following. Father commutes twice a month from Rhode Island to visit the children in Pennsylvania. He estimated the traveling and visitation expenses to have been $455 in 1989 and $352 in 1988, representing an increase of $103 per month. N.T. at 67. However, the testimony was unclear as to whether the additional expenses were the result of increased prices since the original hearing or the failure to include amounts properly includable during the original hearing. Again we note that the court below is to consider only increased expenses since the initial support award.

Reversed and remanded. Jurisdiction relinquished.