652 A.2d 376

**Richard D. BEEGLE, Appellant,**

v.

**Anita L. BEEGLE, Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 28, 1994.

Filed Dec. 30, 1994.

Terry Despoy, Altoona, for appellant.

Before WIEAND, OLSZEWSKI and KELLY, JJ.

OLSZEWSKI, Judge:

On July 14, 1993, Common Pleas Court Judge Norman D. Callan entered an order for support against appellee Anita Beegle. This order required Ms. Beegle to pay $614.00 per month in child support to her ex-husband, appellant Richard Beegle. Ms. Beegle did not appeal Judge Callan's order; rather, she filed a Petition for Decrease on August 6, declaring that her income had decreased. On January 31, 1994, Judge Jolene Kopriva heard Ms. Beegle's petition. Deciding that the July 14 order was based on inaccurate factual findings regarding Ms. Beegle's earning potential, her relocation to Florida, and Mr. Beegle's child-care costs, Judge Kopriva granted the petition. This appeal followed.

This Court will not disturb a modification of a child support order absent a clear abuse of discretion. *Fitzpatrick v. Fitzpatrick*, 412 Pa.Super. 382, 386, 603 A.2d 633, 635 (1992) (citing *Van Dyke v. Van Dyke*, 392 Pa.Super. 567, 569, 573 A.2d 608, 609 (1990)); *see also Crawford v. Crawford*, 429 Pa.Super. 540, 547, 633 A.2d 155, 158 (1993) (citing *McAuliffe v. McAuliffe*, 418 Pa.Super. 39, 613 A.2d 20 (1992)). A court

abuses its discretion "if in reaching a conclusion the law is overridden or misapplied." *Spitzer v. Tucker,* 404 Pa.Super. 539, 541, 591 A.2d 723, 724 (1991), *alloc. denied,* 530 Pa. 645, 607 A.2d 255 (1992). Such abuse occurred in this case.

Examining the three bases for the decision below individually, we first consider Ms. Beegle's allegation that Mr. Beegle's statement of child-care costs was inaccurate. Ms. Beegle first raised this allegation during the hearing before Judge Kopriva; specifically, Ms. Beegle did not include such an allegation in her petition for decrease, where she indicated only that her income had decreased. Rule 1910.19 of the Pennsylvania Rules of Civil Procedure requires that "[a] petition for modification or termination of an existing support order shall specifically aver the material and substantial change in circumstances upon which the petition is based." Pa.R.C.P., Rule 1910.19(a), 42 Pa.C.S.A. Because Ms. Beegle's petition stated only that her income had decreased, it was improper for the court below to consider Mr. Beegle's child-care costs during its hearing on the petition, and its judgment cannot stand on that ground.

Similarly, it was improper for the court below to base its ruling on a finding that Ms. Beegle's move to Florida was necessary and not voluntary. In *Grimes v. Grimes,* 408 Pa.Super. 158, 162, 596 A.2d 240, 242 (1991), this Court ruled that in order to reduce a support obligation on the grounds of reduced income, a petitioner must show, *inter alia,* that the voluntary change in employment which resulted in a reduction of income was not undertaken for the purpose of avoiding a child support obligation. Ms. Beegle's relocation to Florida had the effect of reducing her earning potential, and at the hearing before Judge Kopriva, both parties sought to argue her purpose in relocating. As noted above, however, the declarations in Ms. Beegle's petition limited the scope of the hearing to a determination of whether (and if so, why) Ms. Beegle's income had decreased since the July 14 order. Ms. Beegle did not show that her move to Florida had caused her income to decrease at any time after Judge Callan's order of July 14. In fact, Ms. Beegle testified that she moved to

Florida on May 17, 1993, nearly two months *before* the July 14 order. N.T. 1/31/94, at 18. It was improper for the court below to base its decision on the circumstances of Ms. Beegle's relocation, when Ms. Beegle herself did not allege that the move to Florida had caused her income to decrease subsequent to the July 14 order.

■ Finally, "[a] Court may only modify an existing support award when the party requesting the modification shows a material and substantial change in circumstances since the Order was entered." *Crawford,* 429 Pa.Super. at 559, 633 A.2d at 164 (quoting *Soncini v. Soncini,* 417 Pa.Super. 393, 399, 612 A.2d 998, 1000 (1992)). Although Ms. Beegle alleged in her petition that her income had decreased, she presented no evidence at the hearing to show that her income had changed in any way or at any time subsequent to Judge Callan's order of July 14, 1993. Therefore, no legitimate basis existed upon which Ms. Beegle's petition could be granted.

We note that in *Crawford,* this Court allowed a modified order to stand even though there was no change in circumstances after the initial order. However, the "novel factual scenario" in that case involved an initial order that failed to conform to the statutory guidelines, and a modified order that was entered upon the agreement of the parties. *Crawford,* 429 Pa.Super. at 559, 633 A.2d at 164. These extraordinary occurrences are absent from the procedural history of the instant case: we find no suggestion that Judge Callan's order was faulty on legal grounds, or that Judge Kopriva's modification was entered upon the consent of Mr. Beegle. Rather, Judge Kopriva expressly based her decision on a belief that Judge Callan's factual findings were in error. N.T. 1/31/94, at 27, 30.

■ Allegations of error in the factual findings of a lower court are properly addressed by filing exceptions and an appeal to this Court, not by filing a petition to modify in the same court that rendered the order. *See Fitzpatrick,* 412 Pa.Super. at 389, 603 A.2d at 637 n. 5; *Golden v. Dion & Rosenau,* 410 Pa.Super. 506, 510–512, 600 A.2d 568, 570 (1991)

("Once a matter has been decided by a trial judge the decision should remain undisturbed, unless the order is appealable and an appeal therefrom is successfully prosecuted."). The action of the court below in granting Ms. Beegle's petition violated the well-recognized principle that "judges of coordinate jurisdiction sitting in the same court and in the same case should not overrule the decisions of each other." *Id.* at 510, 600 A.2d at 570 (citation omitted).

Because we reverse the decision below, we need not consider appellant's request to order Judge Kopriva's recusal.

Order reversed. Jurisdiction relinquished.