663 A.2d 785

**Carol L. KELLEY, Appellee,**

**v.**

**Leonard KELLEY, Appellant.**

Superior Court of Pennsylvania.

Argued May 24, 1995.

Filed Aug. 24, 1995.

George A. Gallenthin, III, Doylestown, for appellant.

Paul R. Beckert, Jr., Bensalem, for appellee.

Before CAVANAUGH, CIRILLO and HESTER, JJ.

CAVANAUGH, Judge:

This matter is presently before this court on Leonard Kelley's appeal from the order of the Court of Common Pleas of Bucks County which, on November 10, 1994, denied his petition to suspend support payments. For the reasons which follow, we affirm.

The facts pertinent to our disposition of this case begin on August 19, 1993 when the parties attended a support hearing in the Court of Common Pleas of Bucks County before the Honorable Michael J. Kane. Apparently unhappy with the proceedings of August 19th, on August 20, 1993 appellant telephoned the law offices of Eastburn and Grey, P.C. and allegedly threatened to kill attorney Eastburn and Judge Kane. Appellant was arrested, tried and found guilty of two counts of terroristic threats. He was sentenced to serve a term of imprisonment of from six months to five years.

After his sentence was imposed appellant petitioned to suspend his support obligation claiming that, since he was incarcerated, his income had been reduced to zero. This petition was denied on November 10, 1994. The propriety of that order is before us today.

■ On appeal, Mr. Kelley claims only that the court below abused its discretion when it denied his petition to suspend his existing support order while he was incarcerated.

"Our scope of review in support matters is well settled. Absent an abuse of discretion, we will not disturb on appeal a properly entered support order." *Depp v. Holland,* 431 Pa.Super. 209, 213, 636 A.2d 204, 205 (1994), *quoting Oeler v. Oeler,* 527 Pa. 532, 594 A.2d 649, 651 (1991).

"When determining whether to allow a reduction in a support order, the trial court must consider all pertinent facts and

base its decision upon facts included in the record." *Fitz-patrick v. Fitzpatrick,* 412 Pa.Super. 382, 386, 603 A.2d 633, 635 (1992). "A court may only modify an existing support award when a material and substantial change in circumstances has occurred since the entry of the original support order. The petitioner has the burden of proving such change in circumstances." *Id.,* 386, 603 A.2d at 635.

Appellant failed to meet this burden. Appellant relied exclusively on his incarceration to support his petition to suspend. This was insufficient in that it was but one of several factors that the court considered (including the fact that the appellant's imprisonment was a direct result of his anger and frustration over his support obligation) in refusing to suspend appellant's support order. Clearly the court did not abuse its discretion by finding that appellant had not proved a sufficient change of circumstances so as to modify the existing support order.

Appellant also claims that the court below failed to "distinguish" the case of *Leasure v. Leasure,* 378 Pa.Super. 613, 549 A.2d 225 (1988) in its decision. In *Leasure* a panel of this court directed that support be suspended for an incarcerated defendant. However, in that case, the defendant's other assets were also considered and the court was "satisfied that appellant [was] unable to pay support during his incarceration." *Id.,* at 618, 549 A.2d at 228. Appellant herein made no such showing.

We also wish to highlight the lower court's cogent statement made in its opinion to this court:

> . . . if we were to relieve defendant of his support payments, the message being sent to the parents of Bucks County would be—if you are unhappy over the status or amount of your support order, and you threaten to kill an attorney or the judge handling your case, your duty of support ends during any period of time you are incarcerated for making such threats.

■ We agree and therefore hold that a payor parent may not use a self-imposed incapacity to earn an income as a reason to avoid support responsibility.

Order affirmed.