**Colletti v. Colletti**

C.P. of Montgomery County, nos. 95-21129, 86-12587 and D-3289-86.

*Thomas Tropp,* for appelee, Mary Colletti.
*Alan D. Williams III,* for appellant, David J. Colletti.

DANIELE, *J.,* August 22, 1996—

## FACTS AND PROCEDURAL HISTORY

Appellant, David J. Colletti, appeals from the March 26, 1996 order issued by this court which modified the prior support order dated July 19, 1990. Following an evidentiary hearing, this court announced the following findings of fact:

"(1) On July 19, 1990, an order of support was entered in this matter in the amount of $125 per week for the support of his two children, Sadie (date of birth: March 24, 1977) and David (date of birth: October 29, 1978);

"(2) Sadie was emancipated on June 10, 1995, the date of her graduation from high school;

"(3) Defendant was incarcerated from sometime in October 1991, through October 1994 (the exact dates of which were not clear from the testimony);

"(4) Mr. Colletti does seasonal construction work with Trinity Paving, where he works a 40-hour week and earns $18.26 per hour. When not employed by Trinity, he works for his brother at Net Construction and/or collects unemployment compensation;

"(5) Defendant pays $50 per month total in restitution, fines, and costs." (3/26/96 order at p. 1.)

Based on the prior history of this case and the evidence presented at the hearing, this court made the following modifications. Child support payments were reduced to $74 per week effective June 10, 1995 because David Colletti's daughter became emancipated on that day. He was ordered to reimburse Mrs. Colletti "for two-thirds of any unreimbursed medical, dental or orthodonture bills." (3/26/96 order at p. 2.) This court also held appellant responsible to pay support arrears, stating: "Although enforcement thereof was temporarily suspended during incarceration, all arrearages which accumulated during the period of defendant's incarceration, at the rate of $125 per week, will be enforced." (3/26/96 order at pp. 1-2.)

Bearing in mind appellant's ability to pay and the fact that his children were deprived of his support for an extended period of time, this court imposed conditions no. 3 and no. 4, listed below, on appellant's payment of arrearages:

"(3) A wage attachment will be issued to Trinity Paving, Net Construction, and Pennsylvania Unemployment Compensation Board in the amount of $74 per week for support and $126 per week toward arrears, for a total of $200 per week; HOWEVER, the total amount attached should not exceed 50 percent of defendant's net wages;

"(4) At such time as support of the minor child, David, terminates because of his emancipation or otherwise, defendant shall pay $200 per week toward arrearages, such that the wage attachment for the full

amount of $200 per week should continue at that time." (3/26/96 order at p. 2.)

## ISSUE

The sole issue on appeal is whether the trial court properly held appellant responsible for making monthly payments on his child support arrearages that accrued while he was incarcerated where he has the present ability to pay those arrearages.

## DISCUSSION

Section 4352(d) of the Divorce Code provides that a past due support obligation becomes a "judgment against the obligor by operation of law" once it is past due. 23 Pa.C.S. §4352(d). A court is not permitted to retroactively modify the arrearage amount unless either there was a modification petition pending for that period or "petitioner was precluded from filing a petition for modification by reason of a significant physical or mental disability, misrepresentation of another party or other compelling reason and if the petitioner, when no longer precluded, promptly filed a petition." 23 Pa.C.S. §4352(e).

Appellant did not file a petition to reduce his support payments until June 27, 1995, even though he was released from prison the year before. Appellant has not shown that any misrepresentation or any significant physical or mental disability precluded him from filing his petition. Nor has he advanced any compelling reason to excuse his delay in filing his petition to reduce his support. He is not entitled to have a reduction in any arrearages that accumulated prior to the time he filed his petition, as the trial court did not have jurisdiction to modify the accumulated arrearages until he filed the petition. 23 Pa.C.S. §4352(e); *Calloway v. Calloway,* 406 Pa. Super. 454, 594 A.2d 708 (1991).

Despite the law stated above, appellant contends that he is absolved of all responsibility to his children during the period of incarceration. He relies erroneously upon the holding in *Leasure v. Leasure,* 378 Pa. Super. 613, 549 A.2d 225 (1988), to support that proposition. He misapprehends the holding of that case and ignores the factual distinction between his situation and the circumstances in *Leasure.*

In *Leasure v. Leasure, supra,* the defendant, upon commencement of his one to two year term of incarceration, filed a petition to suspend or reduce his child support payments based on changed circumstances. The trial court denied the petition to suspend or modify the payments at that time. *Id.* The Superior Court overturned the trial court because the lower court had incorrectly focused on the length of incarceration instead of on the defendant's ability to pay support. *Id.* at 616-17, 549 A.2d at 227. The defendant in that case did not have the ability to pay support, and to impose it on him at that time would cause "an accumulating burden . . . when he is least able to bear it." *Id.* at 617, 549 A.2d at 227.

Even though the *Leasure* court suspended the payment of support during the defendant's incarceration, it did not forever relieve the defendant of his obligation to pay child support for that time period. Instead, the Superior Court held that once the defendant was released from prison, "[t]he trial court is to reassess appellant's earning capacity, bearing in mind the fact that appellant's son was forced to go without his father's financial support for an extended period of time." *Id.* at 618, 549 A.2d at 228. In so holding, the Superior Court clearly announced: "[w]e cannot . . . ignore the minor child's needs or *appellant's overall duty to support his son." Id.* (emphasis added)

The *Kelley* decision is consistent with the reasoning of *Leasure.* However, appellant attempts to distinguish

*Kelley v. Kelley,* 444 Pa. Super. 286, 663 A.2d 785 (1995) from *Leasure* based solely on the reason for the incarceration in these two cases. In *Kelley,* the Superior Court upheld the decision not to suspend an existing support order while the defendant was incarcerated for crimes that were directly related to the child support order: he had made terroristic threats against the trial judge and an attorney immediately following a support hearing. *Id.* at 287, 663 A.2d at 786. Naturally, the trial court and the Superior Court were concerned with the dangerous precedent that would be set if a defendant were rewarded for criminal behavior by receiving absolution from his financial obligations. *Id.* at 288-89, 663 A.2d at 786-87. But as the Superior Court pointed out, this was only "one of several factors that the court considered . . . in refusing to suspend appellant's support order." *Id.* at 288, 663 A.2d at 786. The Superior Court demonstrated that the *Kelley* decision was not an aberration from *Leasure,* by again focusing on the defendant's ability to pay support.

For all of the foregoing reasons, this court properly found that appellant is responsible for making monthly payments on his accumulated child support arrearages. This decision should be affirmed.