**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| P.C., Appellee | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| S.S., Appellant | No. 2311 EDA 2017 |

Appeal from the Order Entered June 22, 2017
In the Court of Common Pleas of Bucks County
Family Court at No(s):
2013DR00268
PASCES No. 144113794

BEFORE: BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.*

MEMORANDUM BY BENDER, P.J.E.: **FILED MARCH 28, 2018**

Appellant, S.S., appeals *pro se* from the June 22, 2017 order denying his petition for modification of support. After careful review, we affirm the portion of the order relating to child support, remand to the trial court for further proceedings consistent with this memorandum, and quash the remainder of the appeal.[1]

---

* Former Justice specially assigned to the Superior Court.

[1] By *per curiam* order dated August 30, 2017, this Court determined that the spousal support portion of the June 22, 2017 order is interlocutory and that "only the portion of the order with regards to child support will be referred to the panel assigned to decide the merits of this appeal." Per Curiam Order, 8/30/17. ***See Leister v. Leister***, 684 A.2d 192 (Pa. Super. 1996) (noting the difference between spousal support and alimony *pendent lite* claims, no matter if filed as part of a divorce action or separately, is negligible, and

*(Footnote Continued Next Page)*

This appeal arises from Appellant's petition for modification of an allocated child and spousal support order. The record indicates that Appellant has a history of filing modification petitions, regardless of whether there has been a substantial change in circumstances. On June 22, 2017, after a two-day hearing on this matter, the trial court denied Appellant's most recent petition for modification when it was made abundantly clear that no material and substantial change of circumstances had occurred, and Appellant attempted to argue issues not raised in his petition. We need not reiterate the history of this case at length herein, as the trial court sufficiently set forth the relevant facts and procedural history in its September 18, 2017 opinion. ***See*** Trial Court Opinion, 9/18/17, at 1-4.

On July 14, 2017, Appellant filed a motion for reconsideration of the order denying his modification petition.[2] He subsequently filed a timely notice of appeal on July 20, 2017, followed by a timely, court-ordered

*(Footnote Continued)* ———————————

neither is appealable until all economic issues have been resolved); ***Fried v. Fried***, 501 A.2d 211 (Pa. 1985) (holding issues are reviewable after entry of divorce decree and resolution of all economic issues); ***Hrinkevich v. Hrinkevich***, 676 A.2d 237 (Pa. Super. 1996) (stating child support orders are immediately reviewable, notwithstanding pending divorce action).

[2] The trial court did not rule on Appellant's motion for reconsideration. A court's "failure to 'expressly' grant reconsideration within the time set by the rules for filing an appeal will cause the trial court to lose its power to act on the application for reconsideration." ***Commonwealth v. Moir***, 766 A.2d 1253, 1254 (Pa. Super. 2000). Thus, the "filing of a notice of appeal is necessary to preserve appellate rights in the event that either the trial court fails to grant the petition expressly within 30 days, or it denies the petition." ***Id.***

Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant now presents the following issues for our review:

1. Did the court err in its determination that the matter of support was entirely interlocutory as it did not consider the permanent portion related to child support that will not be addressed at the equitable distribution [*de novo*] hearing?

2. Did the court err in its determination that a prior determination and decision was made regarding [Appellee's] current part[-]time employment[?] In addition, did the court err in its determination that the matter of [Appellee's] relative current earning capacity [had] been addressed by the court previously?

3. Did the court err in its prediction that the impact of the Support Court Determination on the Support Determination would at best be a 4 month period and that there would be an offset of changes in earnings of the parties rather than a change in favor of the Appellant[?]

4. Was the court's understanding of the determinations of the Domestic Relations Section Conference officers flawed[?]

Appellant's Brief at 3-4 (unpaginated).

As a prefatory matter, we note:

> [A]ppellate briefs and reproduced records must materially conform to the requirement of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. ***Id.***; ***Commonwealth v. Lyons***, 833 A.2d 245 (Pa. Super. 2003). Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. ***Id.*** at 252. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing. ***Commonwealth v. Rivera***, 454 Pa. Super. 451, 685 A.2d 1011 (1996).

***Commonwealth v. Adams***, 882 A.2d 496, 497-98 (Pa. Super. 2005).

Before we address the merits of Appellant's claims, we must examine whether the issues presented herein have properly been preserved. In accordance with Rule 1925(b), "issues not included in a Rule 1925(b) statement will be deemed waived for review." ***Commonwealth v. Hansley***, 24 A.3d 410, 415 (Pa. Super. 2011);[3] ***see also*** Pa.R.A.P. 1925(b)(4)(vii). After careful review, it is apparent that Issues 3 and 4 in the instant matter are not included in Appellant's Rule 1925(b) statement. ***See*** Appellant's Brief at 3-4 (unpaginated); TCO at 4. Accordingly, we are constrained to deem these two issues waived.[4]

With regard to Appellant's remaining claims, we note that "[a]ppellate arguments which fail to adhere to [the Rules of Appellate Procedure] may be considered waived, and arguments which are not appropriately developed are waived." ***Coulter v. Ramsden***, 94 A.3d 1080, 1088 (Pa. Super. 2014). "[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal

---

[3] "Since the Rules of Appellate Procedure apply to criminal and civil cases alike, the principles enunciated in criminal cases construing those rules are equally applicable in civil cases." ***Lineberger v. Wyeth***, 894 A.2d 141, 148 n.4 (Pa. Super. 2006).

[4] Even if Appellant had properly preserved Issues 3 and 4, we would conclude that these issues are waived due to his failure to properly develop his arguments in compliance with the Pennsylvania Rules of Appellate Procedure. ***See*** Pa.R.A.P. 2101, 2119.

authorities." ***In re R.D.***, 44 A.3d 657, 674 (Pa. Super. 2012). In addition, the argument section of a brief "shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). "We will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." ***R.D.***, 44 A.3d at 674.

Instantly, Appellant's brief is woefully deficient. Contrary to the requirements set forth in Rule 2119, the Argument section consists of six enumerated sub-sections; however, there are only four issues listed in the Statement of Questions Involved. ***See*** Appellant's Brief at 3-4, 12-16 (unpaginated). Appellant failed to label the sub-sections of his Argument with headings, which makes it even more challenging to decipher the already confusing substance of his brief. ***Id.*** at 12-16. We further observe that Appellant's Argument is underdeveloped,[5] consists primarily of generally

---

[5] As best as we can determine, Appellant's argument regarding Issue 1 consists of a mere two sentences, which include only general legal conclusions and/or statements of law and no analysis whatsoever to support his claim. ***See*** Appellant's Brief at 12.

stated facts, and he fails to cite to legal authority in support of his claims.[6] Hence, we deem Issues 1 and 2 waived due to Appellant's failure to adequately develop his arguments in compliance with the Pennsylvania Rules of Appellate Procedure.

Moreover, even if Appellant properly preserved his issues and/or his claims were not waived, we would affirm on the basis of the trial court's opinion. We have reviewed the certified record, the briefs of the parties, the applicable law, and the thorough and well-crafted opinion of the Honorable Brian T. McGuffin of the Court of Common Pleas of Bucks County, Domestic Relations Section, entered on September 18, 2017. We conclude that Judge McGuffin's extensive, well-reasoned opinion accurately disposes of the issues presented by Appellant, and we would discern no abuse of discretion or error of law. Accordingly, we adopt Judge McGuffin's opinion as our own and affirm the June 22, 2017 order on that basis.

Additionally, we acknowledge the trial court's request that we admonish Appellant for his continued waste of the court's time and resources. ***See*** TCO at 11. We remind Appellant that a petition for modification of an existing support order will only be granted in the event of a material and substantial change in circumstances which warrant such

---

[6] Appellant provides only one legal citation in the entire Argument section of his brief and fails to provide any analysis whatsoever as to how that one legal authority supports his position. ***See id.*** at 12.

modification. ***See Summers v. Summers***, 35 A.3d 786, 789 (Pa. Super. 2012) (citing Pa.C.S. § 4352(a); Pa.R.C.P. 1910.19(a)). The burden of demonstrating a "material and substantial change" rests with the moving party. ***Id.***

Finally, we address Appellee's request for attorneys' fees pursuant to Pa.R.A.P. 2744. Rule 2744 provides that an appellate court may award a reasonable counsel fee as further damages, "if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious." An appeal is "vexatious" where it lacks any basis in law or fact, and where it was filed with the sole purpose of causing annoyance. ***Thunberg v. Strause***, 682 A.2d 295, 302 (Pa. 1996). "The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule." Pa.R.A.P. 2744.

Here, Appellee is requesting an award of attorneys' fees pursuant to Rule 2744, "due to the need to defend her position regarding this litigation, including legal research and preparation of responsive pleadings." Appellee's Brief at 28. She argues that Appellant's multiple filings of modification petitions merely attempt to re-litigate the same issues over and over again, and that his brief consists of "ramblings with no legal or factual basis." ***Id.*** We agree with Appellee. In fact, during Appellant's prior appeal, we recognized that there may be a need for sanctions against Appellant in the future:

> [Appellant's] repeated *pro se* filings and appeals approach satisfaction of this standard. As noted by the trial court, "As reflected by the flurry of filings by [Appellant] on the docket … [Appellant], at every turn, after any decision by this Court, files petitions to modify his support obligation irrespective of whether there were any material or substantial changes in circumstances." We note, however, that the trial court has already entered one order requiring [Appellant] to pay [Appellee's] attorney's fees and that the trial court continues to supervise proceedings between the parties. We believe the trial court is in a better position to assess the propriety of all of [Appellant's] conduct at the end of the proceedings before it and to determine what sanctions, if any, are appropriate at that time. We therefore deny [Appellee's] request that we impose additional sanctions in this appeal, without prejudice to her right to seek appropriate relief from the trial court if, when, and to the extent it becomes warranted. We do, however, caution [Appellant] to exercise reason and restraint in the future progression of this case.

***P.C. v. S.S.***, No. 517 EDA 2016, unpublished memorandum at 9 (Pa. Super. filed Nov. 2, 2016) (internal citations to the record omitted). Based on Appellant's failure to heed our warning and the frivolous nature of this appeal, we grant Appellee's request for relief in the form of attorneys' fees pursuant to Pa.R.A.P. 2744. Accordingly, this matter is remanded to the trial court to determine the amount of reasonable attorneys' fees due and owing to Appellee.

Based on the foregoing, we affirm the portion of the June 22, 2017 order dismissing Appellant's petition for modification of child support and remand this matter to the trial court for further proceedings consistent with this memorandum.

Order affirmed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/18

ORIGINAL

IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
DOMESTIC RELATIONS SECTION

P.C.
[redacted]
Appellee,

v.

S.S.
[redacted]
Appellant.

No.: 2013DR00268

PACSES No. 144113794

2311 EDA 2017

## OPINION

Appellant S.S. appeals from the Court's Order dated June 22, 2017, denying Appellant's request for a Modification of Support. The Court files this opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a).

## STATEMENT OF FACTS

The Appellant in this matter is a frequent litigator in the Bucks County Court of Common Pleas, and given his difficulty in accepting no for an answer to his frequent requests to modify his Support obligations, he is also a frequent Appellant. As such, the Trial Court has had to author prior opinions in this matter, and in setting forth the procedural history and facts underlying Appellant's instant Appeal, the Trial Court has chosen to incorporate the procedural history from its previous Opinion dated April 22, 2016, as follows:

> Appellee P.C. filed for divorce on January 9, 2013. As part of the divorce proceeding, Appellee also filed for equitable distribution, custody of a minor child, and alimony. In addition, Appellee requested that the Court award spousal and child support in the interim.
>
> On April 29, 2014, the Court, before the Honorable James M. McMaster, determined that Appellant was obligated to pay $1572.00 per month, allocated $954 for spousal support and $618 for the support of one minor child, [W.S.]. Arrears payment was set at $157.00 per month. In reaching this decision, the Court specifically reduced the full guideline amount of $3072.00 by $1,500 per month, to be credited to Appellee at the time of equitable distribution. At the same time, the Court reserved the right to increase support

ENTERED

by $1,500.00 per month upon the sale of the parties' Avalon home. In fact, on March 4, 2015, an Order of Court was entered after the sale of the parties' Avalon home, which increased Appellant's support obligation from $1,572.00 to $3,072.00, and allocated $1,865.00 for spousal support and $1,207.00 for child support.

On March 18, 2015, Appellant filed his First Petition to Modify. Judge McMaster then entered a new Order of Court on June 16, 2015, which increased Appellant's support obligation to $4403.00 per month, effective May 4, 2015, and allocated $2,890.00 for spousal support and $1,513 for child support. Arrears was to be paid at an increased amount of $880.00 per month.

Unsatisfied with the result, Appellant filed his Second Petition to Modify, merely six days later, on June 22, 2015, contesting his support obligation and a review of the Court's guideline calculations. Specifically, Appellant argued that the Court made a mistake in calculating his income with respect to his bonus and that the Court did not properly consider his arguments as to why Appellee should have been held at a higher earning capacity. Also, Appellant wanted the Court to address a new issue, whether he would be awarded the child exemption deduction.

On August 31, 2015, this Court, after a hearing on the matter was held, modified Appellant's obligation by reducing his support from $4403.00 back to $3,072.00 per month, allocated $1,872.00 for spousal support and $1,200.00 for child support. Arrears was to be paid at a decreased amount of $614.00 per month. The reason for the reduction was because we found an error in the calculations made in the Domestic Relations' recommendation. The Court, in reliance on the recommendation, previously applied Appellant's $29,184.01 annual bonus that was paid in the beginning of the 2015 year to Appellant's year-to-date earnings in determining support. Essentially, Appellant's annual bonus was applied over a period of only four or five months, when support was contested on May 4, 2015, instead of over the correct twelve months. The result artificially inflated Appellant's income and support obligation to $4403.00.

In resolving this discrepancy, we reduced Appellant's support obligation and decided that the Order dated August 31, 2015, would be effective the date Appellant filed his petition for modification on June 22, 2015. This Court did not make the Order retroactive beyond that date to May 4, 2015, as Appellant would have liked, because Appellant did not file a motion to reconsider the Order dated June 16, 2015, or otherwise appeal that decision, and instead chose to file a petition for modification. This Court also declined to address any other issue, as it would have been improper to overrule an order of another trial judge of the same court in the same case. Furthermore, we explained that the Court was not even required to make the modification, given that a petition to modify was procedurally improper, but that a correction would be made in the interest of justice and fairness to prevent a calculation error from continuing.

Despite already adjusting Appellant's support obligation, Appellant filed his Third Petition to Modify on October 7, 2015, requesting another adjustment to his arrears

> balance.[1] Appellant once again requested that his arrears be adjusted to reflect the overpayments as a result of the bonus calculation error. Appellant made identical arguments, that his reduced support obligation should have been retroactively made effective as of May 4, 2015, instead of June 22, 2015, the date of his Second Petition to Modify. Appellant argued that the Court's Order dated August 31, 2015, left $2,161.00 in uncorrected overpayment.
>
> After a hearing was held on January 8, 2016, thoroughly reviewing the matter, Appellant's Third Petition to Modify was denied and dismissed. Appellant was further ordered to pay $500.00 for Appellee's attorney's fees. Thereafter, Appellant filed this appeal. (Note: This history is from the 2016 Appeal, thus the word "this" references the prior appeal.) As of the date the appeal was filed, the parties are still in the process of litigating the underlying divorce and equitable distribution matters.
>
> The Superior Court issued a Rule to Show Cause on March 17, 2016, directing Appellant to address why the spousal support portion of the order denying and dismissing his petition filed on October 7, 2015, requesting an adjustment to his arrears balance and to pay Appellee's attorney's fees in the amount of $500.00 dollars are appealable. Appellant filed a response to the Rule to Show Cause, which was docketed on the Superior Court docket on March 28, 2016. Appellant in his response argues that he was under the direction of the Court and the Support Conference Office of Bucks County to file a hearing for modification, but does not explain why the Order entered on January 8, 2016, was appealable at this time. Appellant also argues that the Court's January 8, 2016, Order includes both spousal and child support ratios and is therefore immediately appealable in part. As to this Court's award of attorney's fees, Appellant merely states in a conclusory manner that the decision was made without the support by the facts of record.
>
> Subsequently, as reflected by the Superior Court docket entry dated April 4, 2016, a *Per Curiam* Order was issued stating that "only the portion of the order with regard to child support will be referred to the panel assigned to decide the merits of this appeal." The April 4, 2016, *Per Curiam* Order further stated that "this is not a final determination as to the propriety of the appeal."

Trial Court Opinion, April 22, 2016 (internal citations omitted).

On March 13, 2017, Appellant filed yet another Petition for Modification of an Existing Support Order. Specifically, Appellant petitioned to decrease his support obligation that was established by the Honorable James M. McMaster of this court on April 29, 2014. On that date, Judge McMaster determined Appellant's gross annual income to be approximately $191,000.

[1] The Court's adjustment to Appellant's support on August 31, 2015, already saved Appellant in excess of $4791.00 in support payments by the time the Third Petition to Modify was filed.

The April 29, 2014, Order entered by Judge McMaster represents the most recent support order in this matter, and the one Appellant continuously and vexatious challenges and petitions to modify. Appellant's instant Petition for Modification states **only**, "Defendant is requesting a decrease due to a decrease in income." See Pet. for Modification.

A support conference was held on April 17, 2017, where an agreement between the parties could not be reached. A hearing was then scheduled before this Court and was held over the course of two days, June 1, 2017, and June 20, 2017. Evidence and testimony revealed that not only was Appellant incorrect in his assertion that his income had decreased from Judge McMaster's determination of $191,000, but instead, his income had actually **increased** by approximately $7,000 from 2015 to 2016. In fact, Appellant acknowledged the increase at the outset of the hearing. See N.T. June 1, 2017, 7-8. Appellant then continuously argued issues that were not presented in his Petition. Specifically, and what is seemingly at the root of Appellant's instant Appeal, Appellant argued that Appellee has a higher earning capacity than is currently assigned to her. Therefore, this Court denied Appellant's Petition for Modification and entered the instant Order dated June 22, 2017.

## STATEMENT OF ERRORS COMPLAINED OF ON APPEAL

On April 14, 2017, Appellant submitted a Statement of Errors Complained of on Appeal, raising the following, in verbatim, for review:

1. Not allow appellant to present all the relevant evidence for the filing for modification of support eligible to be heard before issuing an order dated June 20, 2017.
2. Not rule specifically regarding plaintiff's current income and her "Earning Capacity" for the purposes of support.
3. Not rule on the permanent portion related to child support that will not be addressed at the equitable distribution "DE Novo" hearing. Any claims to discrepancies related to the child support portion are unlikely to be recovered. (Ritter, 518 A.2d at 322).

## DISCUSSION

I. **This Court did not Err or Abuse Its Discretion by Denying Appellant's March 13, 2017, Petition and Entering its June 22, 2017, Order.**

The following standard applies to the Superior Court's review of a support order:

> When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interest.

Kimock v. Jones, 47 A.3d 850, 853-54 (Pa. Super. 2012).

When a party files a Petition to Modify a support order, it must be based on a "material and substantial change in circumstances." Pa.R.C.P. 1910.19; 23 Pa.C.S. § 4352(a). The petitioning party bears the burden of proving a material change in circumstances has occurred. Samii v. Samii, 847 A.2d 691, 695 (Pa. Super. 2004). A Trial Court may modify a support order only after a hearing on the merits, and only if clear and positive evidence is presented. Keating v. Keating, 595 A.2d 109, 115 (Pa. Super. 1991). "The lower court must consider all pertinent circumstances and base its decision upon facts appearing in the record which indicate that the moving party did or did not meet the burden of proof as to changed conditions." Samii, 847 A.2d at 695. Lastly, a **court may not consider assertions that have not been raised in the petition.** Beegle v. Beegle, 652 A.2d 376, 377 (Pa. Super. 1994).

Applying these standards to the instant appeal, Appellant clearly did not meet his burden of proving a material and substantial change in circumstances based on a decrease of income considering his income actually **increased** from 2015 to 2016. The Support Order Appellant

petitioned to modify established his gross annual income was approximately $191,000, and yet Appellant presented to this Court that his 2016 gross annual income was approximately $198,000. When given the opportunity to present evidence and testimony as to how his income could have possibly decreased when it actually increased, he testified that his income should return to the approximate $191,000 for calendar year 2017, which this Court was inclined to accept. However, Appellant presented no testimony or evidence whatsoever that his gross annual income decreased from the April 29, 2014, Support Order. Appellant only seemed to provide evidence that his income actually increased in 2016 by $7,000, and that it would return to the approximate $191,000 in 2017. Therefore, this Court denied Appellant's Petition for Modification and entered the June 22, 2017, Findings of Fact, Decision and Order, explaining the Court's reasoning, yet here we are again as Appellant continues to appeal and petition the same issues over and over again.

Additionally, Appellant's argument during the hearing regarding Appellee's earning capacity was improper. Appellant's March 13, 2017, Petition for Modification only contained a single claim – that Appellant's support obligation should be modified due to Appellant's decrease in income. An almost identical issue has been previously addressed by the Superior Court. In Beegle, petitioner had filed a Petition to Modify Support Order, where she indicated only that her income had decreased. At the hearing, petitioner raised an allegation that respondent's statement of child-care costs was inaccurate. The Superior Court held the following:

> Rule 1910.19 of the Pennsylvania Rules of Civil Procedure requires that "[a] petition for modification or termination of an existing support order shall specifically aver the material and substantial change in circumstances upon which the petition is based." Pa.R.C.P., Rule 1910.19(a), 42 Pa.C.S.A. Because [petitioner's] petition stated only that her income had decreased, it was improper for the court below to consider [respondent's]

child-care costs during its hearing on the petition, and its judgment cannot stand on that ground.

Beegle v. Beegle, 652 A.2d 376, 377 (Pa. Super. 1994).

Therefore, in the instant matter, it would have been improper for this Court to consider Appellant's extraneous allegation pertaining to Appellee's earning capacity, as it was not specifically raised in Appellant's March 13, 2017, Petition to Modify.

Not only would it have been improper, but Appellee's earning capacity had already been determined by the DRS Conference Officers, and decided by the Honorable James M. McMaster of our Court. On April 29, 2014, following a hearing, Judge McMaster entered an order on the record, stating, "[I]'m going to make a determination that mother is in fact working to her capacity at this time based on her efforts to find employment and based on all of the circumstance." N.T. April 29, 2014, 2. Instead of filing an appeal to that April 29, 2014, Appellant has chosen to file continuous modification petitions attempting to allege a substantial change in circumstances, however, nothing has been presented to this Court in any proceeding, including the current, which has met the burden of a "material and substantial change in circumstances."

It is our opinion that this Court should not overrule decisions made by another judge of the same court in the same case. See Golden v. Dion & Rosenau, 600 A.2d 568, 571 (Pa. Super. Ct. 1991) ("Where a trial judge overrules the decision of another trial judge in the same case, he violates the rule of law which disfavors such action").

The Trial Court has made it very clear to Appellant that the issue of Appellee's earning capacity has been decided, and the Court will not continue to repeatedly make the same decision. Such a decision can only be modified by showing a material and substantial change in circumstances, which Appellant has continuously failed to do.

child-care costs during its hearing on the petition, and its judgment cannot stand on that ground.

Beegle v. Beegle, 652 A.2d 376, 377 (Pa. Super. 1994).

Therefore, in the instant matter, it would have been improper for this Court to consider Appellant's extraneous allegation pertaining to Appellee's earning capacity, as it was not specifically raised in Appellant's March 13, 2017, Petition to Modify.

Not only would it have been improper, but Appellee's earning capacity had already been determined by the DRS Conference Officers, and decided by the Honorable James M. McMaster of our Court. On April 29, 2014, following a hearing, Judge McMaster entered an order on the record, stating, "[I]'m going to make a determination that mother is in fact working to her capacity at this time based on her efforts to find employment and based on all of the circumstance." N.T. April 29, 2014, 2. Instead of filing an appeal to that April 29, 2014, Appellant has chosen to file continuous modification petitions attempting to allege a substantial change in circumstances, however, nothing has been presented to this Court in any proceeding, including the current, which has met the burden of a "material and substantial change in circumstances."

It is our opinion that this Court should not overrule decisions made by another judge of the same court in the same case. See Golden v. Dion & Rosenau, 600 A.2d 568, 571 (Pa. Super. Ct. 1991) ("Where a trial judge overrules the decision of another trial judge in the same case, he violates the rule of law which disfavors such action").

The Trial Court has made it very clear to Appellant that the issue of Appellee's earning capacity has been decided, and the Court will not continue to repeatedly make the same decision. Such a decision can only be modified by showing a material and substantial change in circumstances, which Appellant has continuously failed to do.

For the Superior Court's edification, Appellant has suggested in repeated arguments that Appellee's earning capacity should be increased because she typically has been working less than 30 hours per week, and most often as little as 20 hours per week. However, as has been considered and accepted by the Court through the Domestic Relations Office and its officers and their well-considered recommendations, Appellee's current employment position pays her an unusually high hourly rate of $40.38 per hour in part to offset the idea that her employer offers her less hours to work. Appellee [redacted] has long contended that the hourly rate is much higher for her working a limited 20-30 hours per week, than it would be with another employer, if she were working full time throughout the year. As it is, she makes in excess of $42,000 annually. Appellee [redacted] has also indicated that there is room for advancement into more hours at her current employer, and perhaps bonuses, advancement, etc., which was confirmed in late 2016, and early 2017, when she began working more hours for a limited block of time (several months) and also received a bonus in the early part of 2017, for her extra efforts and work in late 2016. Despite Appellants' suggestions and repeated arguments to the contrary, all of this has been considered by the Trial Court previously in its review of the non-binding, non-dispositive, but still well-reasoned and well prepared, Domestic Relations Office recommendations. Accordingly, not only did Appellant fail to plead the issue in his Petition to Modify, but the issue of Appellant's earning capacity has been addressed previously and does not constitute a material and substantial change in circumstances meriting a Modification of Support. In a final ironic twist, not only did Appellant fail to prove what he plead in the way of a decrease in income, he actually proved that his income had actually **increased**.

Furthermore, this Court did not impede Appellant's ability to present all relevant evidence. In fact, this Court went above and beyond in its accommodation to Appellant, allowing

some evidence of Appellee's earning capacity to be developed in discussing her recent bonus and several months of a temporary increase in her hours. Though, the issue had not been properly plead and the Trial Court was not even required to hear such evidence, this Court allowed such evidence so that the Court could address the issue of whether Appellant's increased income of approximately $7,000.00 for 2016 might be offset in part by Appellee's temporary increase in hours and her bonus in early 2017, as well. A brief review by a Support Officer of these calculations, left the Trial Court with the impression that these amounts would likely cancel each other out, and did not in and of themselves necessitate a Modification of Support. Actually, there was a chance that Appellant could have received an increase in his Support, but for reasons stated herein, including below, the Court decided instead to simply dismiss his Petition.

Lastly, as the case was re-scheduled to a second day to obtain clarification of Appellee's income for the first half of 2017, the Trial Court learned that the parties were scheduled for a *de novo* Equitable Distribution Hearing before another member of its Court just a few weeks later. Given the importance that earnings and earning capacities have as relevant factors in determining Equitable Distribution percentages and Alimony, the Trial Court knew that the parties' earning capacities were likely to be discussed and determined in significant detail during that proceeding. This means that any change or alteration this Court could have entertained would have been subject to *de novo* review in the more comprehensive Equitable Distribution environment, a mere three (3) weeks later. As of the date of this opinion, the Equitable Distribution Hearing has had two full days of testimony, weeks apart, and is hopefully nearing a conclusion.

Given that the issue of Appellee's earnings and earning capacity had not been properly plead in the Support Modification Petition, that the issue of Appellee's earning capacity has been decided and addressed previously, that the earnings increases for 2016 and/or 2017 were likely to

offset, and that the Equitable Distribution Hearing was scheduled so soon thereafter, this Court properly denied to grant the Petition to Modify in any respect.

## CONCLUSION

Appellant has a history of filing Modification Petitions whether there has been a substantial change in circumstances or not. Appellant's history includes: A Modification Petition filed on March 18, 2015, which eventually resulted in Appellant's support obligation being increased on June 16, 2015. Dissatisfied with that result, Appellant filed a second Petition to Modify just six (6) days later. On August 31, 2015, this Court determined that there was in fact a clerical error made in the calculations presented to Judge McMaster, and with the consent of counsel for Appellee, the Court addressed the clerical error and reduced Appellant's obligation retroactive to the date of filing. Dissatisfied with that result, Appellant again filed another Petition to Modify on October 7, 2015. After a full and complete hearing January 8, 2016, this Court dismissed Appellant's Petition, re-instructed him that he cannot simply file a Petition to Modify whenever he thinks there has been an error with the Court and awarded a modest amount of counsel fees totaling $500.00 to Appellee due to her continuing need to pay counsel to respond to this series of Modification Petitions. Dissatisfied with that result, Appellant filed an Appeal to the Superior Court. See 517 EDA 2016. The Superior Court affirmed in part and quashed the remaining frivolous and improper claims. As to the $500.00 counsel fee award, the Superior Court held that such an appeal was interlocutory and not a Final Appealable Order. Now, the instant Appeal stems from this Court's June 22, 2017, Order denying Appellant's March 13, 2017, Petition for Modification when it was made abundantly clear that no material and substantial change of circumstances occurred, and Appellant attempted to argue issues not raised in his Petition.

As reflected by the flurry of filings by Appellant on the docket, and as summarized above, Appellant, at every turn, after any decision by this Court, filed petitions to modify his support obligation irrespective of whether there were any material or substantial change in circumstances.

Therefore, in light of the foregoing reasons, the Trial Court respectfully suggests that its Order of June 22, 2017, denying Appellants Petition for Modification due to Appellants unequivocal failure to meet its burden, should be affirmed. The Trial Court further requests that the Superior Court admonish the Appellant for his continued waste of the Court's time and resources, and allow the Trial Court to review any further Support Petitions filed by the Appellant to determine if a hearing is even necessary or appropriate.

BY THE COURT:

BRIAN T. McGUFFIN, J.

DATE: 9/18/17