FORD ELLIOTT, Judge:
 

 This is an appeal from an order reducing appellee’s spousal and child support obligation due to his change of employment. Based upon the record before this court, we do not find sufficient evidence to warrant a reduction in appellee’s support obligation.
 

 The parties were married on September 25, 1973, and had one son born of their marriage on September 10, 1974.
 
 *160
 
 They separated on September 20, 1986. Following appellant’s filing of a complaint for support, the trial court, on July 16,1987, ordered appellee to pay $550.00 for support of appellant and his son plus $50.00 a month on arrearages of $1,650.00 and to maintain appellant and child on his employer provided medical insurance. This order had been modified over time to accommodate the fact that the parties’ son had moved in with appellee, but was reinstated on August 8, 1989, when the son again was residing with appellant. The support award was affirmed again on October 31, 1989.
 

 In February of 1990, appellee filed a petition to modify his support obligation due to his change in employment and decreased earnings. On March 19, 1990, a hearing officer denied appellee's request for a reduction in support based on appellee having voluntarily accepted a lower paying job. Following appellee’s appeal to the trial court from the denial of his modification, on September 11, 1990, a hearing was conducted before the court and appellee’s support obligation was reduced to $250.00 for the months of February to May of 1990 and $200.00 a month thereafter. That portion of the order directing appellant to pay $250.00 monthly for the months of February through May was allocated as $100.00 for appellant and $150.00 for child and ended in May of 1990 pursuant to the parties’ divorce. All remaining obligations of support were entered solely for the support of the parties’ son. Appellant filed her timely notice of appeal to this court on September 28, 1990.
 

 Appellant argues that the trial court erred in reducing appellee’s support obligation given that appellee voluntarily quit his job and that he presented insufficient evidence to support the modification order. With appellant’s latter contention, we agree.
 

 Preliminarily, we note our standard of review in support matters.
 

 A trial court has broad discretion concerning support payments and we will not reverse its decision unless there is insufficient evidence to sustain it or the trial court abused its discretion in fashioning the áward. More than
 
 *161
 
 mere error of judgment is required; discretion is abused only if the law is overridden or misapplied or the judgment exercised is manifestly unreasonable.
 

 Lesko v. Lesko,
 
 392 Pa.Super. 240, 243, 572 A.2d 780, 782 (1990) (citations omitted).
 

 Also, it is well-recognized that:
 

 [w]hen modification of a child support order is sought, the moving party has the burden of proving by competent evidence that a material and substantial change of circumstances has occurred since the entry of the original or modified support order. The lower court must consider all pertinent circumstances and base its decision upon facts appearing in the record which indicate that the moving party did or did not meet the burden of proof as to changed conditions. We will not disturb a child support order unless the trial court, in determining the amount of support, has abused its discretion. Where the evidence is insufficient to sustain the order, an abuse of discretion will be found.
 

 Com. ex rel. Sladek v. Sladek,
 
 386 Pa.Super. 490, 492, 563 A.2d 172, 173 (1989) (citations omitted);
 
 see Ross v. Ross,
 
 359 Pa.Super. 357, 518 A.2d 1274 (1986) (trial court’s modification of a support order must be justified on the record by clear and positive evidence following a hearing on the merits). Moreover, we have stated that “the amount of a support award is based upon earning capacity, less reasonable expenses, not merely cash flow. Therefore, steps taken to reduce income for the purpose of avoiding or decreasing support are ineffective insofar as diminishment of the obligation is concerned.”
 
 Coffey v. Coffey,
 
 394 Pa.Super. 194, 200, 575 A.2d 587, 589 (1990) (citations omitted). In recognition of this principle, we have held that:
 

 a parent may not intentionally reduce his or her earnings and then use the reduction in earnings to obtain a reduction in the amount of support which that parent must provide for his or her children; courts have traditionally viewed with suspicion any sudden reduction of payments toward support based on such income reductions.
 
 Com
 
 
 *162
 

 monwealth ex rel. Darling v. Darling,
 
 300 Pa.Superior Ct. 62, 445 A.2d 1299 (1982);
 
 Commonwealth ex rel. Burns v. Burns,
 
 251 Pa.Superior Ct. 393, 380 A.2d 837 (1977);
 
 Weiser v. Weiser,
 
 238 Pa.Superior Ct. 488, 362 A.2d 287 (1976),
 
 Snively v. Snively,
 
 206 Pa.Superior Ct. 278, 212 A.2d 905 (1965). The rationale underlying these decisions is that a parent has a duty to his or her children and therefore a parent should not be permitted to evade that responsibility by deliberately reducing his or her income. This rule, however, is not without its exceptions. As we noted in
 
 Weiser v. Weiser, supra,
 
 238 Pa.Superior Ct. at 492, 362 A.2d at 288-289. ‘[W]e are not constrained to say that a man once he has established a certain income level for himself and his family in the employ of another cannot decide to go into business for himself even though it results in a decrease of his present earnings. A man should have freedom of choice to be an employee of another or to establish his own business even though such change may result in present financial sacrifice with the hope of future increased income.’
 

 Roberts v. Bockin,
 
 315 Pa.Super. 52, 55, 461 A.2d 630, 632 (1983).
 
 [1]
 

 Finally, our support guidelines provide assistance to courts concerning matters of voluntary reduction of income and income potential. Pa.R.C.P. 1910.16-5(c)(l), (4) reads:
 

 (1) Voluntary reduction of income. Where a party voluntarily assumes a lower paying job, there generally will be no recomputation of the support payment. A party ordinarily will not be relieved of a support obligation
 
 *163
 
 by voluntarily quitting work or by being fired for misconduct.
 

 (4) Income potential. Ordinarily, a party who willfully fails to obtain appropriate employment will be considered to have an income equal to the party’s earning capacity. Age, education, training, health, work experience and child care responsibilities are factors which shall be considered in determining earning capacity.
 

 In light of the foregoing, to modify a support obligation based upon reduced income, a petitioner must first establish that the voluntary change in employment which resulted in a reduction of income was not made for the purpose of avoiding a child support obligation and secondly, that a reduction in support is warranted based on petitioner’s efforts to mitigate any income loss. In effect, petitioner must present evidence as to why he or she voluntarily left the prior employment and also as to why the acceptance of a lower paying job was necessary. Otherwise, for calculation of a support obligation, the petitioner will be considered to have an income equal to his or her earning capacity as defined in the support guidelines.
 

 Instantly, the record reveals that appellee left his job as a coal miner to work for an equipment company at approximately one-half the salary. Appellee testified that he voluntarily left his job at the mine, but that he did so for health reasons. In particular, appellee complained of problems with his legs, knees, back, sinuses, and lungs after having worked for fifteen years as a miner. Appellee also stated that his new job would allow him to work a steady daylight shift and provide room for advancement, which included the opportunity to go to school. Appellant argues that although appellee may be free to leave one job to take another, the cost of such a change should not be placed upon her and her son. Also, appellant argues that appellee’s mere assertion of health problems, without further testimony or documentation in support thereof, does not establish sufficiently appellee’s burden in modifying his support obligation.
 

 
 *164
 
 At this juncture, we wish to emphasize that we cannot find fault with appellee’s desire to leave the mines. Coal mining long has been recognized as a dangerous, health-threatening occupation. We accept that appellee should be entitled to pursue another way of life. Accordingly, we do not find error in the trial court’s determination that appellee did not leave his mining job to avoid his support obligation. However, as stated previously, this cannot be the end of the inquiry for the trial court. To allow for a modification in the support obligation based on actual earnings, appellee must further establish that he attempted to mitigate his income loss. The record before us is devoid of any such evidence. There was no evidence presented by appellee that he attempted to find a job with a comparable salary. In the alternative, there was no evidence presented as to why finding a job with a comparable salary was not possible. Further, there is no evidence of record regarding appellee’s education, training, or employability in areas other than mining to establish appellee’s earning capacity.
 
 See Blaisure v. Blaisure,
 
 395 Pa.Super. 473, 577 A.2d 640 (1990) (ability to pay support is determined by a parent’s financial resources and earning capacity).
 
 Akers v. Akers,
 
 373 Pa.Super. 1, 540 A.2d 269 (1988). It is incumbent upon appellee to contribute to the support of his son; therefore, he cannot simply reduce that support obligation based on his voluntary reduction in income. Pa.R.C.P. 1910.16-5(c)(1). We liken appellee’s duty of support to any other fixed obligation, i.e., mortgage, rent, car payment, which one must consider being able to meet upon a change in employment and salary. We believe this consideration should be as important to a parent of a divorced family as it would be to a parent of an intact family when a change of employment is contemplated. As such, if a parent’s support obligation can be modified simply on the basis of a reduction in salary, without anything further, then what is to prevent a parent from seeking a position with a salary that would meet personal needs alone.
 
 Weiser v. Weiser, supra.
 
 Clearly, this is exactly the situation that the support laws were designed to avoid by attributing the earning capacity
 
 *165
 
 of a party, (which may at times equal that of actual earnings), as a starting point in a support matter.
 
 Blaisure v. Blaisure, supra;
 
 Pa.R.C.P. 1910.16-5(c)(4). Accordingly, we find the evidence of record in this case insufficient to establish appellee’s burden in seeking a modification of his existing support obligation.
 

 Also, although appellee’s testimony concerning his health condition may be sufficient to explain his reasons for quitting a job, we find the trial court’s reliance upon
 
 Roberts v. Bockin, supra,
 
 to support appellee’s modification to be misplaced based on the record presently before this court. In
 
 Roberts,
 
 a mother, who suffered from an ulcer, testified that she voluntarily had quit her job on the advice of her doctor, but further evidence revealed that when she left her position, she was moving to England to take a job that her son was arranging for her. Also, her previous place of employment was closing within a few months of her quitting. When the mother arrived in England, she learned that her job there had fallen through. Subsequently, she moved back to the United States where she lived with family members until she secured a position after searching for a year. In ruling that the mother in
 
 Roberts
 
 had quit her job at the suggestion of her doctor and not to avoid her support obligations, we found that the trial court properly determined the mother’s ability to pay support when it used her actual earnings and not her earning capacity
 
 in light of the facts surrounding her employment. Roberts v. Bockin, supra.
 
 Clearly, if the instant case revealed evidence quantitatively similar to that in
 
 Roberts,
 
 appellee would have met his burden of modifying his support obligation. However, the record before us does not support sufficiently appellee’s request. Accordingly, we believe that the trial court abused its discretion in this matter; therefore, we vacate the present order. Inasmuch as the unallocated order previously in effect provided support for appellant as well as appellee’s son, we remand for a new hearing.
 

 Order vacated. Remand for proceedings consistent with this opinion. Jurisdiction relinquished.
 

 [1]
 

 . In
 
 Weiser,
 
 as quoted above, the court recognized that a parent should have some freedom of choice in employment situations, it nevertheless, reversed the trial court’s determination of support in that case because it found that the lawyer husband who left an established law firm to found his own firm had reduced his income but not his own standard of living. As stated by the court, "[m]ost certainly he has the right to establish his own business but not at the expense of his family whose life style he created based on $40,000.00 per year income which now must be changed to meet the new conditions while he continues to enjoy his usual high standard.”
 
 Weiser v. Weiser, supra,
 
 238 Pa.Superior Ct. at 494, 362 A.2d at 290.