Susan SMEDLEY, Appellee

v.

Lynn M. LOWMAN, Appellant.

Superior Court of Pennsylvania.

Submitted Feb. 22, 2010.

Filed July 30, 2010.

curred without any criminal charges having been lodged. Although I agree with the majority to the degree it concludes that the judge was not likely prejudiced in his fact-finding role, the fact that Act 53 appears to allow for such heavy-handed actions against minors within a purely civil context supports the conclusion that its due process protections are inadequate to pass constitutional scrutiny.

4. Such sources could include, for example, records from the social services agency and an interview with the Act 53 petitioner. It appears that, in this case, the assessor did have access to some of these sources. *See* N.T. June 12, 2007, at 22–27, *reproduced in* R.R. 40a–45a (reflecting the testimony of the assessor regarding the information she obtained concerning Appellant's drug use). However, that fact is irrelevant to the facial constitutional analysis of Act 53, which does not require that information-gathering step.

Clinton T. Barkdoll, Waynesboro, for appellant.

Jennifer S. Newman, Chambersburg, for appellee.

BEFORE: STEVENS, DONOHUE and KELLY, JJ.

OPINION BY KELLY, J.:

¶ 1 Appellant, Lynn M. Lowman, appeals from the order entered August 18, 2009 in the Court of Common Pleas of Franklin County denying his request for relief. We hold that the trial court did not abuse its discretion by assigning Appellant an earning capacity greater than his pension for child support purposes, where he voluntarily retired two years after accumulating his fully vested pension benefits in good health at age fifty-two. We affirm.

¶ 2 Appellant and Appellee, Susan Smedley, are the parents of seven-year-old E.L. Appellant retired after more than thirty years of service with the Waynesboro Police Department at the age of fifty-two. Under the terms of his collective bargaining agreement, Appellant was eligible for retirement at age fifty, but retained his employment for two additional years. The fact that Appellant did not retire in order to reduce his support obligation is undisputed. Upon retirement, Appellant received an annual pension of $25,000, roughly 50% of his employment income. Despite his eligibility to retire, Appellant is in good health and is capable of continued employment.

¶ 3 On March 3, 2009, Appellee filed a complaint for child support and on April 29, 2009 the parties attended a support conference at Franklin County Domestic Relations. This conference was held one day prior to Appellant's retirement date. At the conference, Appellant expressed no interest in seeking part-time employment to supplement his pension. The conference officer assigned Appellant an earning

capacity of $200 per week in addition to his $25,000 yearly pension. This reflected a part-time earning capacity of $10 per hour for 20 hours per week.

¶ 4 Following the office conference, the trial court entered a support order on May 5, 2009 consistent with the conference officer's findings. Appellant appealed *de novo* and the trial court found after a hearing on August 11, 2009 that a further hearing was not needed as the parties did not dispute the facts. The trial court confirmed the support order of May 5, 2009, and this appeal followed.

¶ 5 Appellant argues that his municipal police pension income should be the only source of income considered for the purpose of determining child support. Appellant also asserts that his retirement "should not be deemed an 'early' retirement" because he "retired with fully vested benefits." (Appellant's Brief, at 10). Furthermore, he asserts that his retirement at age fifty-two does not amount to a voluntary reduction of income because he "retired with fully vested pension benefits." (*Id.* at 12).

¶ 6 "In reviewing support orders, we are limited to considering whether, based on clear and convincing evidence, the trial court abused its discretion." *Kersey v. Jefferson,* 791 A.2d 419, 422 (Pa.Super.2002) (citation omitted). "An abuse of discretion requires proof of more than a mere error of judgment, but rather evidence that the law was misapplied or overridden, or that the judgment was manifestly unreasonable or based on bias, ill will, prejudice, or partiality." *Id.* at 423 (citation omitted).

¶ 7 Voluntary retirement does not entitle an appellant "to a reduction in his support obligation" rather "the change in the appellant's economic situation due to retirement merely allows him an opportunity to demonstrate the need for a reduc-

tion." *McFadden v. McFadden,* 386 Pa.Super. 506, 563 A.2d 180, 184 (1989). As is provided in Pa.R.C.P. 1910.16-2(d)(1), generally there is no change to the support obligation following a voluntary reduction of income:

> (1) *Voluntary Reduction of Income.* When either party voluntarily assumes a lower paying job, quits a job, leaves employment, changes occupations or changes employment status to pursue an education, or is fired for cause, there generally will be no effect on the support obligation.

Pa.R.C.P. 1910.16-2(d)(1). However, when a parent has not voluntarily reduced his income to "circumvent his support obligation" the court "can consider reducing the parent's child support obligation." *See Grigoruk v. Grigoruk,* 912 A.2d 311, 313 (Pa.Super.2006) (stating court may reduce support obligation when parent is fired for cause and has attempted to mitigate lost income); *see also Kersey, supra* at 423 (holding that in order to modify existing support order to reflect reduced income, appellant must first demonstrate change was not made to circumvent support obligation).

¶ 8 "Ordinarily, either party to a support action who willfully fails to obtain appropriate employment will be considered to have an income equal to the party's earning capacity." Pa.R.C.P. 1910.16-2(d)(4). The factors considered in determining the earning capacity are "[a]ge, education, training, health, work experience, earnings history and child care responsibilities." *Id.* Furthermore, as stated in *Grimes v. Grimes,* 408 Pa.Super. 158, 596 A.2d 240 (1991), the needs of the child must be considered in making any employment decision:

> We liken [a parent's] duty of support to any other fixed obligation, i.e., mort-

gage, rent, car payment, which one must consider being able to meet upon a change in employment and salary. We believe this consideration should be as important to a parent of a divorced family as it would be to a parent of an intact family when a change of employment is contemplated.

*Id.* at 243.

■ ¶ 9 Despite Appellant's assertion to the contrary, his retirement at age fifty-two, even though accompanied by fully vested pension benefits, is a voluntary reduction of income. There is no evidence on record of the department's pressuring Appellant to retire. Moreover, in the plain language of Rule 1910.16–2(d)(1), "leaves employment" is without qualification; retirement with fully vested benefits is not excluded. Pa.R.C.P. 1910.16–2(d)(4). In light of this, we find that Appellant's personal choice to retire at age fifty-two and receive a pension representing only half of his former salary is a voluntary reduction of income as indicated in Rule 1910.16–2(d).

■ ¶ 10 Furthermore, Appellant was not held to the same earning capacity after retirement as he had earned before retirement. The $200 per week addition to his $25,000 annual pension amounts to an earning capacity of $35,400, far below his pre-retirement earnings of $50,000. Therefore, it appears the office conference held in order to determine Appellant's support obligation actually decided favorably for Appellant with regard to his earning capacity.

¶ 11 Finally, although Appellant was entitled to retire after more than thirty years of service in the Waynesboro Police Department, he also had the interests of his seven-year-old child to consider. As stated by this Court in *Grimes*, Appellant's duty to his child is like "any other fixed obligation." *Id.* at 243. Thus, weighing the

factors of Rule 1910.16–2(d)(4), in particular Appellant's age, health, and earning history, an assigned earning capacity of $35,400 did not amount to an abuse of discretion by the trial court. Therefore, we decline to disturb its order.

¶ 12 Order affirmed.