J-A13008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| C.M., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| T.M., | |
| Appellant | No. 905 WDA 2015 |

Appeal from the Order Dated May 12, 2015
In the Court of Common Pleas of Allegheny County
Family Court at No(s): FD10-00620-016

BEFORE: OLSON, STABILE AND MUSMANNO, JJ.:

MEMORANDUM BY OLSON, J.: **FILED JULY 11, 2016**

Appellant, T.M. ("Father"), appeals *pro se* from the order entered on May 12, 2015, modifying his child support obligation and denying his exceptions to the hearing officer's recommendation. We affirm.

The factual background and procedural history of this case are as follows. Father and C.M. ("Mother") have one minor child, H.M. ("Child").[1] Mother has primary custody of Child.

> The parties had a child support hearing before Hearing Officer Bach on October 15, 2012. Father was assigned an earning capacity of $1,822.00 per month based on his income from employment in car sales. The [h]earing [o]fficer recommended that Father pay $453.26 per month in child support. . . . Father

---

[1] So as to protect the identity of Child, we refer to the parties by their initials. We amended the caption accordingly.

filed exceptions to Hearing Officer Bach's recommendations and argued that he was improperly assigned an earning capacity. Father's exceptions were dismissed by the [c]ourt and the [h]earing [o]fficer's recommendations were adopted as a final order of the[c]ourt. . . .

Father filed a [p]etition to [m]odify [c]hild [s]upport and a hearing was held in front of Hearing Officer Bach on November 21, 2014. Father claimed that he was entitled to a reduction in child support due to a reduction in his income. Following the hearing, the [trial c]ourt [twice ordered] Father to produce his income information from his recent employer, Day Toyota. On January 28, 2015, the [h]earing [o]fficer issued a recommendation that assigned Father an earning capacity of $3,432.00 per month and recommended that Father pay $597.08 per month in child support. Father's earning capacity was based on one year of Father's actual income during his employment with Day Toyota.

Father filed [e]xceptions to the [h]earing [o]fficer's [r]ecommendations dated January 28, 2015. Oral argument [] was held on May 4, 2015. At [oral argument], Father argued that he was improperly assigned an earning capacity and that his earning capacity was miscalculated. On May 12, 2015, Father's exceptions were denied and the [h]earing [o]fficer's [r]ecommendations were adopted[.]

Trial Court Opinion, 8/10/2015, at 2-3. This timely appeal followed.[2]

Appellant presents three issues for our review:

1. Was the trial court biased against Father?

2. Did the trial court abuse its discretion in setting Father's earning capacity at $3,432.00 per month and requiring him to pay $597.08 per month in child support?

_____

[2] On June 10, 2015, Father filed a concise statement of errors complained of on appeal contemporaneously with his notice of appeal. *See* Pa.R.A.P. 1925(b). On August 10, 2015, the trial court issued its Rule 1925(a) opinion.

3. Does setting an earning capacity violate the Pennsylvania Constitution?

*See generally* Appellant's Brief at 13-17.

In his first issue, Father argues that the trial court showed unfair bias in Mother's favor. A party seeking disqualification of the trial court must raise the objection "at the earliest moment." ***Lomas v. Kravitz***, 130 A.3d 107, 120 (Pa. Super. 2015). In this case, Father failed to seek the trial court's recusal and the actions that he complains of were known to him prior to filing his notice of appeal. Accordingly, Father has waived any argument that the trial court was biased by failing to seek the trial court's recusal. *See* Pa.R.A.P. 302(a).

In his second issue, Father argues that the trial court erred in awarding Mother $597.08 per month in child support. We review child support awards for an abuse of discretion. ***Spahr v. Spahr***, 869 A.2d 548, 551 (Pa. Super. 2005). We may only reverse the trial court's determination when it cannot be sustained on any valid ground. ***Id.*** Finding an abuse of discretion "requires proof of more than a mere error in judgment but rather evidence that the law was misapplied or overridden, or that the judgment was manifestly unreasonable or based on bias, ill will, prejudice, or partiality." ***Id.***

Child support payments are awarded based on guidelines using the parties' monthly net income. Pa.R.C.P. 1910.16-2. If a party "willfully fail[s] to obtain or maintain appropriate employment," support payments

can be set based upon the party's earning capacity. Pa.R.C.P. 1910.16-2(d)(4). An earning capacity is the amount a party could realistically earn under the circumstances. **Haselrig v. Haselrig**, 840 A.2d 338, 340 (Pa. Super. 2003), *citing* **Myers v. Myers**, 592 A.2d 339, 343 (Pa. Super. 1991). Among the factors that must be considered when determining a party's earning capacity are age, education, training, work experience, health, and earning history. Pa.R.C.P. 1910.16-2(d)(4). A court may also consider other factors, such as jobs available within a certain occupation and the effort a party has exerted to find employment. **Id.** Generally, a party's earning capacity will not be altered if he or she "voluntarily assumes a lower paying job, quits a job, leaves employment, changes occupations or changes employment status to pursue an education, or is fired for cause." Pa.R.C.P. 1910.16-2(d)(1).

Father argues that his earning capacity should be based on his current income as a paralegal and his earning capacity was improperly calculated based on his prior employment. However, when a party's reduction in income is voluntary and the party does not attempt to mitigate their loss of income, the earning capacity of that party is unchanged. Hearing Officer Bach found that Father earned an average of $3,348.00 per month while

employed at Day Toyota from April 2013 to April 2014.[3]  Father, however, only earns $15.00 per hour, or approximately $2,600.00 per month, in his current job as a paralegal.  Father testified that despite his prior employment in car sales for several years earlier, only two out of the 260 positions he applied for were car sales positions.  N.T., 11/21/2014, at 30-31.  Thus, Hearing Officer Bach concluded that he did not make reasonable efforts to mitigate his loss of income.  She therefore assigned him an earning capacity, as he was capable of earning a higher income in car sales.  Because Father failed to produce complete income documentation from Day Toyota, Hearing Officer Bach used a full year of his actual earnings from Day Toyota to calculate a monthly average earning capacity.

This Court's decision in **Baehr v. Baehr**, 889 A.2d 1240 (Pa. Super. 2005) presented a similar situation.  In that case, a father was assigned an earning capacity based on his 12-year work history in the information technology field, instead of his current job as an independent contractor, making significantly less.  The court assigned the father this earning capacity after finding he did not make a reasonable effort to find a job within the information technology field.  **Id.** at 1245.  We affirmed assignment of an earning capacity under these circumstances.

---

[3] The record supports this determination.  N.T., 11/21/2014, at 15-16, 26-27.

Here, Father only applied to two car sales jobs, despite his employment in the business for several years prior. N.T., 11/21/2014, at 30-31. This does not constitute a reasonable effort to find employment in his field. When a party assumes a lower paying job or willfully fails to obtain appropriate employment, his or her support payment obligation is determined based on an earning capacity, not actual income. **Woskob v. Woskob**, 843 A.2d 1247, 1254 (Pa. Super. 2003). Further, after Father accepted the paralegal job, he stopped looking for jobs in car sales altogether. Trial Court Opinion 8/10/2015, at 6. This shows Father's willful failure to obtain proper employment consistent with his abilities. Thus, although Father contends that the trial court abused its discretion in basing his earning capacity on his employment at Day Toyota, his earning capacity was correctly set based on the hearing officer's finding that Father did not make a reasonable effort to find work based on his abilities and prior work history.

Father also argues that the trial court erred in not considering unemployment compensation when calculating his earning capacity. However, unemployment compensation calculations are not binding on trial courts in child support proceedings. **See Ewing v. Ewing**, 843 A.2d 1282, 1286-1287 (Pa. Super. 2004). Therefore, the trial court was not required to accept findings related to Father's unemployment compensation to calculate his earning capacity.

In his third issue, Father argues that the calculation of his earning capacity based on his previous employment in car sales is a violation of the Pennsylvania Constitution. He argues that it violates his right to pursue his own happiness by only allowing him to seek employment at a car dealership. Appellant's Brief at 15. This issue is waived. Failure to include an issue in the concise statement waives the issue for appellate review. *Karn v. Quick & Reilly*, 912 A.2d 329, 335 (Pa. Super. 2006), *citing* *Commonwealth v. Lord*, 719 A.2d 306 (1998). Father filed a concise statement which listed three issues.[4] Father did not mention the constitutional issue in his concise statement. Thus, the issue is waived.[5] Accordingly, Appellant is not entitled to relief on any of his three claims of error.

Order affirmed.

_____

[4] Specifically, Father's concise statement raised the following issues: whether the trial court erred in denying his request for a reduction in support, whether the trial court considered all the facts of the case, and whether the trial court was biased against Father. Father's Concise Statement, 6/10/15, at 1.

[5] Even if we were to reach the merits of this issue, Father would not be entitled to relief. Father is free to take any job he wishes, but he must also support his child. Despite his apparent desire to leave the car sales field, to receive a modification in support based on actual earnings, he must "establish he attempted to mitigate his income loss." *Grimes v. Grimes*, 596 A.2d 240, 243 (Pa. Super. 1991). He did not do so here. With a child to support, he cannot seek a job with a salary that meets his personal needs alone. *Id.*

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  7/11/2016