J-A16037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| S.J.P., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| L.L.P., | : | |
| | : | |
| Appellant | : | |
| | : | No. 1302 WDA 2015 |

Appeal from the Order Dated August 6, 2015
in the Court of Common Pleas of Allegheny County,
Family Division at No(s): FD 13-006662-009

BEFORE: SHOGAN, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED SEPTEMBER 07, 2016**

L.L.P. (Mother) appeals from the trial court's denial of Mother's exceptions to the hearing officer's recommendations which granted S.J.P.'s (Father's) motion for modification. After a thorough review, we reverse.[1]

Mother and Father are the parents of two minor children (Children), born in May 2005 and August 2010, who are the subject of the instant support action. An initial support order was entered by consent on September 11, 2013. This order obligated Father to pay $1,400 per month in child support, $50.00 in arrears, and a portion of Children's medical care expenses.

---

[1] Also before us is Father's motion to quash based on alleged insufficiencies within Mother's brief and the reproduced record. Because we do not find any of the alleged deficiencies to impede our review, we deny Father's motion.

* Retired Senior Judge assigned to the Superior Court.

In March 2015, Father filed a petition for modification of the support order,[2] which was granted by the hearing officer. Specifically, the hearing officer determined Mother's net monthly income to be $6,859 and Father's monthly net income to be $7,559. The officer therefore recommended that Father's child support obligation be reduced to $317 per month, plus $40 on arrears. Mother filed exceptions. The trial court heard arguments and ultimately dismissed Mother's exceptions and entered the hearing officer's recommendations as a final order.

Mother timely filed a notice of appeal from that order, and both Mother and the trial court complied with Pa.R.A.P. 1925.

Mother states one question for our review: "Whether the [trial court] erred in finding that [Father's] averment that his income slightly changed constitutes a substantial change in circumstances so as to justify a substantial reduction in a non-income, non-guideline based consent order for child support?" Mother's Brief at 1 (capitalization and suggested answer omitted).

We set forth our well-settled standard of review and applicable principles of law with respect to a support order.

---

[2] The petition stated that Father's income had "increased" as the reasoning for seeking modification. *See* Motion for Modification, 3/15/2015, at 2. Father avers this was a mistake made by the individual in the Domestic Relations Office who prepared Father's modification petition. Father's Brief at 3.

> When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

*Silver v. Pinskey*, 981 A.2d 284, 291 (Pa. Super. 2009) (quoting *Mencer v. Ruch*, 928 A.2d 294, 297 (Pa. Super. 2007)).

"An award of support, once in effect, may be modified *via* petition at any time, provided that the petitioning party demonstrates a material and substantial change in their circumstances warranting a modification." *Plunkard v. McConnell*, 962 A.2d 1227, 1229 (Pa. Super. 2008). *See also* Pa.R.C.P. No. 1910.19(a) ("A petition for modification or termination of an existing support order shall specifically aver the material and substantial change in circumstances upon which the petition is based.").

Demonstrating a material and substantial change is necessary to modify both court-ordered and consented-to support orders. *See Boullianne v. Russo*, 819 A.2d 577, 580 (Pa. Super. 2003) (citing *Nicholson v. Combs*, 703 A.2d 407, 417 (Pa. 1997) ("[A] family court's power to modify a support order downward is not precluded by the existence of an agreement upon which the support order is based. 'In [a] support action,... the payee may not claim that the [agreement] prevents the family

court from modifying the order downward if such reduction is necessary to prevent payor from having to comply with an order that he cannot pay due to changed circumstances.'").

On appeal, Mother argues that the trial court erred in accepting the hearing officer's recommendations to decrease Father's monthly support obligation. Specifically, Mother avers that Father's income has actually increased, and regardless of whether it has increased or decreased, such fluctuation is due to a voluntary change in circumstances, *i.e.*: Father voluntarily changing jobs does not warrant a change in Father's support obligation. Mother's Brief at 5-7.

The trial court offered the following explanation to support its findings that Father presented a material and substantial change.

> Notwithstanding the fact that an increase in income may constitute a material and substantial change in circumstance thus making [Mother's] sole issue complained of on appeal meritless, this [c]ourt finds that Father actually had a decrease in income between 2013 and 2015; which further justifies a modification of the 2013 Support Consent Order. The record from the April 28, 2015 modification hearing reveals that [Father] changed employers multiple times between 2013 and 2015. Due to overlapping bonuses and some independent contract work in 2013, [Father] was projected to earn approximately $140,000 per year at the time the 2013 Support Consent Order was entered. In 2015, however, the record reflects that [Father] is earning only $126,880 per year, a $13,120 decrease in income since 2013.

Trial Court Opinion (TCO), 10/23/2015, at 6-7. The court further found that

> at the time the [s]upport [c]onsent [o]rder was entered, [Father and Mother's] respective incomes were [u]nknown as the Order was entered without any testimony and/or findings. After reviewing the entire situation de novo, it is clear that [Father]

- 4 -

has sustained his burden of proving a material and substantial change in circumstances and that the Hearing Officer was justified in recommending a support order based upon the parties' respective net incomes as of 2015 and in accordance with Pennsylvania's Support Guidelines.

*Id.* at 7.

We disagree. Accepting the trial court's finding that Father's income decreased by $13,120,[3] that decrease was neither an involuntary change nor a substantial one. "As is provided in Pa.R.C.P. 1910.16–2(d)(1),[4] generally there is no change to the support obligation following a voluntary reduction of income[.]" *Smedley v. Lowman*, 2 A.3d 1226, 1228 (Pa. Super. 2010). While our Court has upheld support modifications based upon voluntary reductions in income, we have long held that in order for such a reduction to be warranted,

a petitioner must first establish that the voluntary change in employment which resulted in a reduction of income was not made for the purpose of avoiding a child support obligation and secondly, that a reduction in support is warranted based on petitioner's efforts to mitigate any income loss. In effect, petitioner must present evidence as to why he or she voluntarily left the prior employment and also as to why the acceptance of a lower paying job was necessary.

*Grimes v. Grimes*, 596 A.2d 240, 242 (Pa. Super. 1991).

---

[3] Mother argument that Father's income has not decreased since entering into the 2013 consent custody order is of no moment, since we find Father's purported decrease in income of $13,120 to be neither a substantial nor involuntary change to warrant a change in his support obligation.

[4] "When either party voluntarily assumes a lower paying job, quits a job, leaves employment, changes occupations or changes employment status to pursue an education, or is fired for cause, there generally will be no effect on the support obligation." Pa.R.C.P. 1910.16–2(d)(1).

Instantly, Father failed to present evidence that he had made efforts to mitigate the income loss, nor why accepting his current position was necessary.[5] Significantly, Father makes no argument that the less than 10% reduction in income prohibited him from paying the monthly court-ordered support and he does not dispute the fact that he voluntarily chose to change jobs, understanding his income would decrease as a result.

We are mindful that it is within the trial court's discretion to determine what a substantial change is. **See Plunkard v. McConnell**, 962 A.2d 1227, 1229 (Pa. Super. 2008) ("[T]he determination of whether such change has occurred in the circumstances of the moving party rests within the trial court's discretion."). Likewise, we are cognizant that since the prior support order was entered by consent, without testimony or determination of the parties' income, the trial court "was not limited to considering only changed circumstances, but could be justified in examining the entire situation *de novo*." **Bradley v. Bradley**, 564 A.2d 504, 506 (Pa. Super. 1989).

However in this case, the trial court's analysis is completely devoid of any reason why Father's voluntary reduction in income, resulting in a less than 10% difference between his income in 2013 and 2015, warranted a

---

[5] Father's counsel set forth his work history, explaining that since 2013 he left three jobs for various personal reasons, including that he felt one department he worked in was "completely disorganized and [Father] did not like the way the department was run." N.T., 4/28/2015, at 6, 10. He eventually accepted his current position which he "plans to stay [] for the immediate future" where he is paid hourly with no bonus structure, vacation pay, or sick days. *Id.* at 11.

reduction in his obligation, a complete disregard of the parties consented to agreement, and a new order based on the support guidelines.

Because we find a dearth of evidence to support the trial court's conclusion that Father has met his burden in accordance with our well-established case law, we vacate the order granting Father's support modification and reinstate the order dated September 11, 2013.

Order vacated. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/7/2016