J-A30025-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| GEORGE DEVAULT | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LYNN KOHNFELDER | |
| Appellant | No. 582 WDA 2017 |

Appeal from the Order Entered March 31, 2017
In the Court of Common Pleas of Allegheny County
Family Court at No: FD-11-001826-11

BEFORE: BOWES, STABILE, JJ., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.: FILED MAY 02, 2018

Appellant, Lynn Kohnfelder ("Mother"), appeals from the March 31, 2017 child support order. She claims the trial court abused its discretion in failing to attribute to Appellee, George Devault ("Father"), an earning capacity commensurate with the salary he received prior to his voluntary retirement from the Pittsburgh Police Department. We affirm.

The record reveals that, on August 11, 2015, Father filed a complaint for child support against Mother. Following several continuances, the parties appeared at a complex support hearing on May 24, 2016. The hearing master recommended that Father pay child support, and Father filed exceptions. On September 19, 2016, the trial court issued an order remanding the case to the master for consideration of Father's earning capacity in light of his

voluntary retirement. Another hearing took place on January 20, 2017. The master determined that Father had an annual part-time earning capacity of $15,000.00 in addition to his police pension of roughly $42,000.00 per year. Prior to his voluntary retirement, Father was earning roughly $100,000.00 per year.

Mother's sole argument on appeal is that Father's voluntary retirement constituted a voluntary reduction in income pursuant to Pa.R.C.P. No. 1910.16-2(d)(1).

> When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

Morgan v. Morgan, 99 A.3d 554, 556–57 (Pa. Super. 2014), appeal denied, 113 A.3d 280 (Pa. 2015). This Court has defined a person's earning capacity "not as an amount which the person could theoretically earn, but as that amount which the person could realistically earn under the circumstances, considering his or her age, health, mental and physical condition and training." Mackay v. Mackay, 984 A.2d 529, 537 (Pa. Super. 2009) (quoting Gephart v. Gephart, 764 A.2d 613, 615 (Pa. Super. 2000)) (emphasis added in Mackay), appeal denied, 995 A.2d 354 (Pa. 2010). Rule 1910.16-2(d)(1)

provides that "[w]hen either party voluntarily assumes a lower paying job, leaves employment, changes occupations or changes employment status to pursue an education, or is fired for cause, there generally will be no effect on the support obligation." Pa.R.C.P. No. 1910.16-2(d)(1).

In Smedley v Lowman, 2 A.3d 1226, 1227 (Pa. Super 2010), the husband retired from the Waynesboro Police Department "two years after accumulating his fully vested pension benefits in good health at age fifty-two." He was "in good health and capable of continued employment." Id. The parties did not dispute that the husband did not retire in order to reduce his support obligation. Id. The trial court, consistent with the hearing officer's findings, assigned the husband an earning capacity of $200.00 per week in addition to his police pension. Id. at 1228. Husband appealed.

The Smedley Court noted, "[v]oluntary retirement does not entitle an appellant to a reduction in his support obligation." Id. Rather, the retiree receives an "opportunity to demonstrate the need for a reduction." Id. (citing McFadden v. McFadden, 563 A.2d 180, 184 (Pa. Super. 1989). Further, a court may consider a reduced support obligation if the parent has not attempted to circumvent his or her support obligation. Id. (citing Grigoruk v. Grigoruk, 912 A.2d 311, 313 (Pa. Super. 2006). "The factors considered in determining [...] earning capacity are 'age, education, training, health, work experience, earnings history and child care responsibilities.'" Id. (quoting Pa.R.C.P. No. 1910.16-2(d)(4)).

Husband argued that his retirement at age 52 was not an early retirement because he retired with fully vested pension benefits pursuant to a collective bargaining agreement. This Court disagreed, noting that husband was not pressured to retire and the term "leaves employment" in Rule 1910.16-2(d)(1) appears without qualification. Id. at 1229. Furthermore, husband was required to consider the interests of his then seven-year-old child. Id. In addition, this Court noted that husband was assigned an earning capacity that was far below his pre-retirement salary. Id. We affirmed the trial court's order. Id.

As noted above, Father commenced this support action on August 11, 2015. He retired from the police force in late September, 2015. N.T. Hearing, 5/24/16, at 6. Father was a Pittsburgh police officer for 32 years. Id. at 6-7. His retirement allowed him to watch the couple's daughter (11 to 12 years old during these proceedings) rather than hire a babysitter. Id. at 7. In addition, Father was facing termination because of an internal investigation of him. Id. at 19-23. Nonetheless, Father acknowledged that the police department did not force him to retire. Father had chronic heart disease, arthritis, and hearing loss when he retired. Id. at 11, 13, 26-28. Father testified that he becomes short of breath when he exerts himself. N.T. Hearing, 1/20/17, at 8.

Smedley establishes that voluntary retirement neither mandates nor precludes a reduced support obligation from the retiree. The law does not

require a parent to work indefinitely, but the court must consider the particular circumstances of the retiree and the needs of the child. Here, Appellant retired in his early sixties after 32 years on the police force. The trial court found that Father's reduction in income was voluntary, but that Mother never "asserted, at any stage, that Father's retirement was intended circumvent his support obligation." Trial Court Opinion, 6/13/17, at 3. Indeed, at the time he retired, Father was not under any obligation to pay support. In assessing Father's earning capacity, the trial court considered Father's age, health condition, and his willingness to find part-time employment that did not interfere with his shared custody of the parties' minor daughter. Id. at 4. The trial court accepted the Master's finding that Father offered credible testimony. Id.

Mother has failed to convince us that the trial court's order cannot be sustained on any valid ground. Here, as in Smedley, the trial court assigned a reduced earning capacity after a party's voluntary retirement. The record supports the trial court's finding that Father did not retire to lessen his potential support obligation. Indeed, the record reflects that Father's physical health is declining and that his retirement will allow him to spend more time with the parties' daughter during Father's periods of custody. To that end, the hearing officer based Father's assigned earning capacity of $15,000.00 per year (in addition to his pension) on Father's ability to work part time during the 3½ days per week that Father does not have custody of the parties'

daughter. For all of the foregoing reasons, we conclude the trial court did not abuse its broad discretion in assigning Father a reduced earning capacity after his voluntary retirement.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/2/2018